GEORGE W. LONG *v.* WILLIAM POOL and JOHN W. MILLER.

Where there was evidence tending to show a state of facts which would entitle the plaintiff to recover, and also evidence tending to show a state of facts which would entitle the defendant to a verdict and judgment, and his Honor stated both cases and left it to the jury as a question of fact: *Held,* There was no error.

For mere error in judgment, an agent, with authority to do the best he can, is not liable.

CIVIL ACTION, tried before *Mitchell, J.,* at Spring Term, 1872, of ALEXANDER Court.

Plaintiff complained against the defendants for the conversion of a note, of which he was the owner, worth $153 in gold value, and due to him by one Ward, of East Tennessee. The defendants came to the plaintiff's house in Alexander county, on their way to East Tennessee, in pursuit of a horse which had been stolen from defendant Miller. Plaintiff testified that he asked the defendant Pool, in presence of defendant Miller, to take the note and collect the money, and if Ward did not pay it on presentation, not to sue, nor leave the note in East Tennessee, but to return it to plaintiff, and that Pool agreed to these instructions and took the note. That shortly after defendants returned, Pool presented to plaintiff a receipt for the note from one Hamby, living in East Tennessee; which plaintiff took but refused to accept in satisfaction and lieu of his note; and plaintiff did not assent to what had been done. That he demanded twenty-five dollars of Miller, who had refused to pay, and that he demanded the note of Pool before suit.

Defendant Pool testified, that he took the note from the plaintiff at the time alleged, and his only intentions were " to do the best he could with it;" that nothing was said about bringing the note back or not leaving it in East Tennessee if he could not collect it. That while at the house of Thomas Hamby, after Miller had recovered his horse, Mil-

ler came to him and stated that he owed Hamby $25 for helping to recover the horse, and asked if he would not leave the note on Ward with Hamby for collection, and agree that if he collected it he might retain $25 out of it to pay what Miller owed Hamby and let Miller pay the amount to the plaintiff. That Pool agreed to this, but refused to allow the note to be pledged for the $25, and that he did this because he thought it the best he could do for the plaintiff, and that it was done for the benefit of the plaintiff. That he took Hamby's receipt and agreed with him that he should retain $25 for what Miller owed him and pay the balance to his receipt, and if he could not collect the note Miller was to be indebted to him $25. That the receipt was given to plaintiff on his return from East Tennessee, and that he told him all that had been done, plaintiff took receipt and made no objection to anything that had been done.

His Honor instructed the jury that if they should find the facts as detailed in the testimony of defendant, Pool, then defendants were not guilty of the conversion, but if they should find the facts as detailed in the evidence of plaintiff, Long, then they were guilty.

Verdict for defendants. Rule for new trial. Rule discharged. Plaintiff appealed to Supreme Court.

*W. P. Caldwell* and *Folk*, for appellant.
*Armfield*, contra.

RODMAN, J. There was evidence in this case tending to prove two different states of fact between which the jury had to choose.

1. The evidence on the part of the plaintiff tended to prove that he gave the note to Pool upon a contract that he would carry it to Tennessee and endeavor to collect it from the maker, and if he failed to do so on presentation that he

would bring it back to the plaintiff. He left it with Hamby to collect, and authorized him to retain out of the proceeds $25, which Miller owed him, which sum Miller agreed to pay plaintiff.

The Judge charged the jury that if they believed this to be the true state of facts, plaintiff was entitled to recover the value of the note, and that defendants were guilty of a conversion of it. There was no exception to this part of the Judge's charge, and we are not called on to consider it.

2. The evidence on the part of the defendant tended to prove that he agreed to take the note and do the best he could with it. That it was delivered to Hamby under the circumstances above stated was not denied.

His Honor charged the jury that if they believed that Pool received the note upon this agreement he was not guilty of having converted it, nor was he guilty of gross negligence. It seems to us that the question was properly left to the jury as a question of fact. We see no error in the instructions of the Judge. The agent of plaintiff may have acted imprudently, but we see no evidence that he acted fraudulently, and the jury have found that he did not. For mere error of judgment an agent with authority to do the best he can, is not liable.

There is no error.

PER CURIAM.                                    Judgment affirmed.