PER CURIAM.                  *Venire de novo.*

---

MADISON HAWKINS, Administrator, *v.* WM. H. PLEASANTS and another.

A witness, who denies certain declarations alleged to have been made by defendant to him alone, cannot be impeached, as the declarations were not made in the presence of the other party; and as they related to a matter collateral to the issue, the answer of the witness must be taken as conclusive.

CIVIL ACTION to recover a note given by defendants, tried before his Honor, *Judge Moore,* at the Spring Term, 1862, of the Superior Court of FRANKLIN county.

In his compla'nt the plaintiff alleged that the defendants made and executed their note to him as follows:

" $766.88.   With interest from date, we or either of us promise to pay to M. Hawkins, administrator of P. Hawkins, deceased, the sum of seven hundred and sixty six dollars and 88 cents, for value received of him, as witness our hands and seals, this 26th day of March, 1863."

(Signed,)                    W. H. PLEASANTS, (L. s.)
                             J. J. MINNETRE, (L. s.)

The plaintiff claimed that this note was not subject to the scale established for the depreciated currency of the Confederate States ; that the consideration of the said note was other promissory notes, held by him, executed by Henderson Hale, Washington Harris and T. C. Horton, on the 8th day of October, 1860, which said notes were for a balance due for land sold by him, the plaintiff, as such administrator to said Henderson Hale, the said Harris and Horton signing said notes as sureties ; and that all of the parties at that time were good and solvent, and some of them now are good and solvent.

Plaintiff introduced Henderson Hale as a witness, who stated that on the 8th day of October, 1860, he purchased a tract of land of one M. Hawkins, the plaintiff, for the sum of $1,500, and for which ‚he executed four several promissory notes for $375 each, due and payable at one, two, three and four years respectively.   That he paid off the first note, and had in part paid the second, when the defendant, W. H. Pleasants proposed to purchase said land.   The price was agreed on, and he, the witness, told him, Pleasants, that he would receive Confederate money, if said Hawkins would receive it for the notes due him from witness.   Witness saw Hawkins and he declined to receive Confederate money, except for the balance due on the second note, which was then overdue.   He then informed the defendant Pleasants that he could not trade, unless he could get his notes from Hawkins.   Pleasants said he could

arrange it and did so, delivering up the notes Hawkins held against him, the witness; whereupon he executed a deed for the land to Pleasants and Minnetre. This was on the 26th March, 1863.

On his cross-examination this witness denied going to Pleasants and proposing to sell the land, stating that he owed Hawkins who was pressing him for the money. Witness also denied that Pleasants told him that he would buy the land, but that he did not have more than 300 or 400 dollars by him; and denied further, that a short time after he went to Pleasants and told him that he had seen Hawkins, who could get along with 300 or 400 dollars then, and that he would wait a short time for the balance. Witness also stated, that never to his knowledge was it understood that the amount due from Pleasants and Minnetre was to be paid in Confederate money; nor did ever Pleasants tell him that he would buy the land to be paid for in Confederate money, and upon no other terms· Witness was then asked if Pleasants, (at a certain place and time,) did not tell him that the agreement was that Hawkins was to receive Confederate money for this note?

Question objected to, but allowed by the Court. Witness answered, that he, Pleasants, did not.

The defendant, Pleasants, then as a witness, stated, that at the time and place alluded to, he had informed the witness, Hale, that the agreement was that Hawkins was to take Confederate money—thus contradicting Hale. This evidence was objected to, for the reason that Hawkins was not present at the conversation; and also, that the defendants were bound by Hale's answer—the cross examination being upon collateral matter. The Court overruled the plaintiff's objection upon the grounds, that if collateral, it tended to show the temper and disposition of the witness towards the parties to the cause.

The jury returned a verdict for defendants. Rule for a new trial, for the admission of improper testimony. Rule discharged. Judgment and appeal by plaintiff.

*Cooke, Busbee & Busbee* and *Moore & Gatling*, for appellant.
*Batchelor, Edwards & Batchelor* and *Davis*, contra.

READE, J. The plaintiff, Hawkins, had sold land to one Hale in October, 1860, and took his note with surety and paid a part. Hale sold the land to defendant Pleasants, who instead of paying Hale, gave the note sued on to Hawkins in the place of Hale's note, which he owed Hawkins for balance due on the land in March, 1863. And now Pleasants contends that the note sued on is subject to the scale of depreciation as if it had been given for Confederate money.

The plaintiff introduced Hale as a witness to prove the transaction and he proved it to be as above stated. The defendant in the cross-examination of Hale, asked him if he, the defendant, did not tell him, Hale, that he the defendant was to pay the note to plaintiff in Confederate money? Hale answered that the defendant did not tell him so. And then the defendant introduced himself as a witness and swore that he did tell Hale so. The plaintiff objected to the testimony of the defendant because the alleged declaration was not in his presence. And, further, that if it was offered to impeach Hale, the question to Hale was of collateral matter, and his answer was conclusive. We think the plaintiffs objection well taken. His Honor admitted the defendant's testimony upon the ground that although collateral it tended to show the temper and disposition of the witness Hale. But we do not see how the fact that defendant told Hale that he, the defendant, was to pay the plaintiff in Confederate money, showed the temper or disposition of Hale towards either of the parties.

There is error.

PER CURIAM. *Venire de novo.*