EDWIN R. BRINK v. ARCHIBALD R. BLACK.

*Evidence--Fraudulent Conveyance--Judge's Charge.*

1. Upon an issue as to the fraudulency of a mortgage deed executed in 1873, it is admissible to show that in the previous year a fraudulent instrument of like character was executed between the same parties. Such proof is not only some evidence, but very strong evidence that the mortgage deed of 1873 is likewise fraudulent.

2. Where a party prays for an instruction to which he is entitled, it is error to refuse it. The Court, however, is not required to adopt the words of the instruction prayed for, but it is error to change its sense or to so qualify it as to weaken its force.

CIVIL ACTION removed from New Hanover and tried at Spring Term, 1877, of BRUNSWICK Superior Court, before *Seymour, J.*

The plaintiff claimed title to a certain kiln of brick conveyed to him by mortgage from one Stacy Van Amringe in November, 1873. The defendant as Sheriff of New Hanover County, alleging that said mortgage was fraudulent and void as against creditors, sold said brick to satisfy executions in his hands against Van Amringe. Thereupon the plaintiff brought this action to recover damages.

There was much evidence tending to show, than Van Amringe was indebted to the plaintiff and many other persons ; that plaintiff had taken a mortgage on a kiln of brick in July, 1872 ; that Van Amringe had acted as his agent in the sale of the brick, and had remained in possession of the mortgaged property after the execution of the mortgage deed ; that only a part of the proceeds of said sale was applied to the mortgage debt, and no account of the sales had been rendered to plaintiff.

The point decided in this Court is involved in the following :

*Instructions prayed for ;* 5th. "That the fact that Van Amringe was permitted to remain in possession of the property conveyed by the mortgage of July, 1872, being of the same character, and dealing with it and treating it as his own, was some evidence of the fraudulent intent on the part of Van Amringe in the mortgage of November, 1873."

His Honor refused to charge as requested, but told the jury :

*Instructions given ;* "That the mortgage of 1872, was admitted for the purpose of showing there had been previous dealings and the nature of those dealings between the parties, but not otherwise as evidence of fraud in the mortgage of November, 1873 ; that it was much more likely that a fraud would be committed by parties who had considerable dealings, than where there was only one transaction." Defendant excepted.

There was a verdict for plaintiff. Judgment. Appeal by defendant.

*Messrs. D. L. Russell* and *W. S. & D. J. Devane,* for plaintiff.
*Messrs. A. T. & J. London,* for defendant.

PEARSON, C. J. When a party prays for an instruction to

which he is entitled, it is error to refuse it. The Judge is not required to adopt the words of the instruction ; he may as a matter of taste change the phraseology, but it is error to change its sense, or so to qualify it as to weaken its force. C. C. P., §§ 238, 239, 301.

We put our decision on the *fifth* instruction prayed for, and the response thereto, as that entitles the defendant to a new trial. Evidently the instruction given is not a legitimate substitute for the instruction prayed for.

So the only question before us is ; was the defendant entitled to the instruction?

If a conveyance is made with an intent to enable the debtor to hold his other creditors "at arms length" and to enjoy and dispose of his property, just as if he did not owe one cent, the conveyance is fraudulent, although the grantee had a true debt, for the reason, that there is an intent to "hinder and delay creditors."

Van Amringe was indebted to many persons, six or seven thousand dollars. The mortgage of 1872 had the effect of keeping all of them off, for fear of a law suit, and he disposed of the kiln of brick and other articles to the value of, say $3500, for his own use, without interference on the part of the plaintiff ; and in 1873, he owed the plaintiff by reason of "accommodation acceptances" a larger amount than he owed in 1872. These facts and circumstances in connection with the kiln of brick in 1872, constituted not only "some evidence," but very strong evidence of an intention that the kiln of 1873, was to go in the same way as the kiln of 1872; that is, for the enjoyment of Van Amringe in spite of his creditors, the plaintiff standing by with his arms folded and being confident that he was secured in regard to all of his accommodation acceptances.

There was error in refusing the instruction.

PER CURIAM.         *Venire de novo.*