STATE v. CHARLES JOHNSTON.

*Evidence— Collateral Matter.*

Evidence offered to prove an independent collateral matter affecting the credit of the prosecuting witness on a trial for larceny, not elicited by an inquiry addressed to him, but by the testimony of another person, is incompetent.

(*State* v. *Parish*, Busb., 239 ; *State* v. *Secrest*, 80 N. C., 450 ; *Clark* v. *Clark*, 65 N. C., 655 ; *Hawkins* v. *Pleasants*, 71 N. C., 325 ; *State* v. *Patterson*, 74 N. C , 157 ; *Barton* v. *Morphis*, 2 Dev., 520 ; *Downey* v. *Murphey*, 1 Dev. & Bat., 82, cited and approved.)

INDICTMENT for Larceny tried at June Special Term, 1879, of WAKE Superior Court, before *Eure, J.*

The exception taken in the court below, and the facts applicable thereto, appear in the opinion. Verdict of guilty, judgment, appeal by defendant.

*Attorney General*, for the State.

*Messrs. Bledsoe* and *Badger*, for defendant.

SMITH, C. J.   The defendant is charged in the bill of indictment in two counts, one with stealing, the other with receiving, knowing to have been stolen, a gold watch and ten dollars in money from Augustus A. Catlett, and the jury render a general verdict of guilty.

The only exception taken by the defendant is to the exclusion of evidence in answer to a question propounded by him on the cross-examination of a witness.   The owner of the watch in delivering his testimony had stated that he had been drinking, but not to such an extent as to prevent him from knowing what he was about, and added, among other things, that he spent the night previous at the house of one Lou Hester, a colored woman.   Another witness, one Charles Howard, was introduced, and testified to facts tending to prove the offence, and upon the cross-examination was asked by the defendant if he knew the general character of Lou Hester, and the answer being in the affirmative, his counsel proposed farther to enquire if her reputation was not that of a loose and abandoned woman.   The evidence responsive to the question on objection was not received, and to this ruling the defendant excepts, and it is the only point brought up on the appeal.

Lou Hester had not testified, and the use proposed to be made of the evidence was not disclosed when it was offered. This should have been made known, but as it was not, if the testimony was relevant and competent for any purpose, its rejection would be error.   *State* v. *Parish*, Busb., 239; *State* v. *Secrest*, 80 N. C., 450.   We are not able to see its pertinency unless intended to impeach the witness Catlett, by showing his association with a profligate and corrupt woman, of which the simple unexplained fact of his having spent a single night under her roof would be very slight

evidence. But a fatal objection to its admissibility is that it is offered to prove an independent collateral matter affecting the credit of the witness, not elicited by an enquiry addressed to him, but by the testimony of another person. Had the impeached witness been interrogated as to this collateral fact, his answer would be conclusive, while if the question were allowed to be answered by another, a new issue would be opened and contradictory and corroborative eivdence become admissible. In *Clark* v. *Clark*, 65 N. C., 655, PEARSON, C. J., thus explains the practice: When the cross-examination, instead of being general, descends to particulars, then the party is bound by the answer, and cannot be allowed to go into evidence *aliunde* to contradict the witness, for it would result in an interminable series of contradictions in regard to matters collateral, and thus lead off the mind of the jury from the matter at issue." *Hawkins* v. *Pleasants*, 71 N. C., 325; *State* v. *Patterson*, 74 N. C., 157. As the answer of the assailed witness to such an enquiry is final, and hence may be received, so, as the answer of another may be controverted, it is inadmissible. This is a well settled principle in the law of evidence. "In impeaching the credit of a witness," says Mr. Greenleaf, "the examination must be confined to his general reputation and not be permitted as to particular facts." 1 Greenl. Ev., § 461.

The rule is very clearly and forcibly stated, and the reasons in support of it by HENDERSON, C. J., in *Barton* v. *Morphis*, 2 Dev., 520, thus: When character is not in issue but comes in question *incidentally and collaterally*, as that of a witness' does, the rule is, that *specific charges of criminal or corrupt acts* are not to be heard to impeach it. Two reasons are given for the rule, either of which is, I think, sufficient. The first is, the number of issues such evidence is calculated to create, thereby consuming the time of the court and abstracting the mind from the main issue. The other is that

both the party and witness would almost always be wholly unprepared to meet and repel the charges. But these reasons do not go to exclude proof of bad character by *common report* or reputation, for that is single in its nature and but one issue can arise upon it." The principle thus declared is recognized and approved by RUFFIN, C. J., in the subsequent case of *Downey* v. *Murphy*, 1 Dev. & Bat., 82, and has been followed ever since.

There is no error. This will be certified to the end that judgment be pronounced on the verdict, and other proceedings be had according to law.

PER CURIAM.                                        No error.