## D. F. KINNEY v. P. F. LAUGHENOUR.

*Seduction — Judge's charge.*

In an action by a step-father to recover damages for the seduction of his step-daughter, a recovery cannot be had unless the plaintiff had, at the time, the control of her services. Such action arises by the fiction of the law

from the relation of master and servant, and not from that of parent and child ; *Therefore*, it was error in the court to refuse to charge that, if the jury should find she was seduced by the defendant while she was away from the house of the plaintiff and not in his service, but in the employ of a third person, the plaintiff cannot recover.

(*Briggs* v. *Evans*, 5 Ired., 16 ; *McAuley* v. *Birkhead*, 13 Ired., 28 ; *McDaniel* v. *Edwards*, 7 Ired., 408 ; *State* v. *Dunlap*, 65 N. C., 288 ; *Long* v. *Pool*, 68 N. C., 479 ; *Brink* v. *Black*, 77 N. C., 59, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of DAVIDSON Superior Court, before *Graves, J.*

Verdict and judgment for plaintiff; appeal by defendant.

*Messrs. J. M. McCorkle* and *M. H. Pinnix*, for plaintiff.
*Messrs. Watson & Glenn*, for defendant.

MERRIMON, J.   The plaintiff brought this action to recover damages for the seduction of his step-daughter by the defendant.

The contention of the plaintiff as to the matters involved in the question before this court was, that his step-daughter had been a member of his family ever since she was six years of age, and she had been occasionally absent from his house in the employment of other people as a house servant, a cook, always regarding his house as her home, and when there, helping her mother about her domestic work ; and he introduced testimony tending to prove his allegations.

On the other hand, the contention of the defendant was, that the step-daughter, after the age of sixteen years, was not a member of the plaintiff's family ; that she left his house and he had no command or control over her ; that she controlled herself in all respects—made contracts, stipulated for wages, worked when and where she pleased, received her wages and disposed of them at her pleasure; and that at the time of the seduction, she was in the employment of one Jones, and on her own sole account, and not under the command or control of the plaintiff; and he introduced testimony tending to prove his allegations.

On the trial, the defendant prayed the court to give the jury the following, among other special instructions:

"That if the jury find from the evidence, that Delia Blackburn was seduced by the defendant while in the employment of the witness Jones, or when she was away from the house of her step-father, and while not in his service, the plaintiff cannot recover, although she afterwards returned and was confined at her step-father's house." The court declined to grant the prayer, and the defendant excepted.

It has been repeatedly held, that if a step-father has taken his step-daughter into his family and treated her as one of his household, he can maintain an action for seduction against her seducer, just as her deceased father could do if living; he has the same rights against the seducer that the father would have, if living.

But the step-father must actually stand *in loco parentis* to the step-daughter; she must be living in his family or absent temporarily with his consent, and be under his control. The same right exists in favor of any person who stands *in loco parentis* to the female seduced. *Maguinay* v. *Sandek*, 5 Sneed (Tenn.), 146; *Birney* v. *Kibbe*, 31 Barb., 273; 5 Wait, Act. & Def., 660, 661; Wood Mast. & Scrvt., §§244, 255, 256.

It has been likewise held that when a step-daughter leaves the house of her step-father and is seduced while in the service of a third person, he cannot maintain an action for the seduction, although before the birth of the child she returns to his house, engages his services and is there nursed and cared for during her confinement. 5 Waits' Act. & Def., *supra*, and Wood's Mast. & Serv., §245.

The action for seduction does not grow out of the relation of parent and child, but that of master and servant and the loss of service. It is true this is a fiction of the law—the common law method established in the course of judicial procedure, whereby the party injured may recover damages for the injury sustained; still, in order to sustain the action, some service, however trivial, must be shown to have been done by the servant, and it must appear that the plaintiff had the right to command and control the services of the female seduced, at his will and pleasure.

*Briggs* v. *Evans,* 5 Ired., 16; *McAuley* v. *Birkhead,* 13 Ired., 28; *McDaniel* v. *Edwards,* 7 Ired., 408; 3 Waits' Act. & Def., 662; Wood's Mast. & Sev., §§245, 246.

While the step-father may maintain the action for seduction, as stated above, the defendant may show in his defence that the seduced step-daughter was in the service of a third person at the time of the seduction; that she was not residing with the plaintiff at that time; that she then controlled herself, made her own contracts, controlled her wages, and that the plaintiff had no right to command her services. Wait, *supra,* 668.

Now, applying these principles of law to the case before us, and in view of the contentions of the parties and the evidence set out in the record, we think the defendant was entitled to the special instruction prayed for, or the substance of it. There was evidence sufficient to fairly entitle him to have such a view of the case submitted to the jury. The defendant had the right to avail himself of such a defence, and there was evidence tending to support it, the force of which ought to have been determined by the jury in the light of such instruction.

The record gives us a very meagre and unsatisfactory account of the instructions the court gave the jury, bearing upon the question before us now. We must take it, however, as the special instruction was simply denied without a word of explanation, that the substance of it was not given in any part of the charge. The defendant complains and excepts, and we cannot see that his exception is groundless by anything that appears in the record.

When a party to the action prays for a special instruction to which he is entitled, and the court fails to give it, or the substance of it, it is error. The court is not bound to adopt the language or form of the instruction prayed for, but the substance or meaning of it must be given, unimpaired by any material qualification. *State* v. *Dunlop,* 65 N. C., 288; *Long* v. *Pool,* 68 N. C., 479; *Brink* v. *Black,* 77 N. C., 59.

If the party is not entitled to the instruction prayed for, in its

entirety, then, of course, the court will modify it and explain to the jury how the facts bear upon it.

There is error. The judgment must be set aside and a new trial awarded. Let this be certified.

Error.                                          *Venire de novo.*