JAMES M. CHEEK v. J. H. WATSON and another.

*Certiorari—Ejectment, issue of damages in—Right to open and conclude—Evidence.*

1. A *certiorari* will not be granted where it appears that the judge settled the case on appeal upon due consideration, and omitted nothing by mistake or inadvertence. *Currie* v. *Clark, ante,* 17.

2. In ejectment, the issue as to damages ought to be submitted along with the issues upon the main question (here a parol trust), with instructions to the jury that if they find the latter in favor of the plaintiff, then to assess his damages; but if for the defendant, then they need not consider the issue as to damages.

3. The order of argument of counsel is regulated by a rule of the superior court. *Brooks* v. *Brooks, ante,* 142.

4. While there should be no departure from the settled rule in reference to the admissibility of evidence, yet, when one party is allowed to get the benefit of evidence not strictly competent, the opposite party should be allowed the same latitude in combatting it. But if it appear that the court admitted improper testimony to an unwarranted extent and to the prejudice of a party, a new trial will be granted.

(*Sudderth* v. *McCombs,* 67 N. C., 353; *McDaniel* v. *King,* 89 N. C., 29; *Miller* v. *Miller, Ib.,* 209; *Johnson* v. *Sedberry,* 65 N. C., 1; *Perry* v. *Morris, Ib.,* 221, cited and approved).

PETITION by plaintiff for *certiorari,* heard at February Term, 1884, of THE SUPREME COURT.

*Mr. John Manning*, for plaintiff.

*Messrs. Graham & Ruffin*, and *Reade, Busbee & Busbee*, for defendants.

MERRIMON, J. The plaintiff suggests a diminution of the record, in that it "does not set forth the entries appearing on the summons and civil issue dockets of Durham superior court, and a copy of the written issues on file in the papers of the said action."

It is not indicated how such entries and issues are material to a proper understanding and decision of the questions presented by the appeal, and upon an examination of the record, we do not find that they are.

It is only essential to send to this court so much of the record as is necessary to enable it to see that the court below had jurisdiction, and to properly understand and decide the questions presented by the exceptions; all besides this only tends to increase the costs and encumber the appeal, while it serves no useful purpose. *Sudderth* v. *McCombs*, 67 N. C., 353.

The petition shows upon its face that the court, in settling the case upon appeal, had before it and considered the several matters assigned as grounds for this application for the writ of *certiorari*. It does not appear that the judge, by inadvertence, mistake, or misapprehension, failed to settle the case upon appeal, as he intended to do, nor does it appear that he would probably alter or correct it, as suggested, if he had opportunity to do so. On the contrary, the strong probability is that he would not.

The affidavit of the counsel for defendants shows that the court, in the presence of counsel on both sides, occupied much time in settling the case, and did so upon full consideration.

In cases like this, the court will grant the writ only where it is probable that the judge below would correct some mistake in the case settled by him. *McDaniel* v. *King*, 89 N. C., 29; *Currie* v. *Clark*, decided at this term, *ante*, 17.

Motion denied.

The petition for the *certiorari* being disallowed, the cause was heard and determined upon the record as filed. The action was brought by the plaintiff to recover possession of land, and tried at Spring Term, 1884, of DURHAM Superior Court, before McKoy, J.

After the pleadings were read, the plaintiff's counsel moved to be allowed to amend the complaint by inserting a statement of his damages for use and occupation of the land, so as to entitle him to open and conclude the argument. His Honor refused the motion, except upon payment of costs, and stated that if the jury should find against the defendants upon the question as to the alleged parol trust, he would then direct an inquiry into plaintiff's damages, and in that event would allow the amendment without costs. The plaintiff excepted to this ruling.

The plaintiff bought the land on December 10, 1869, at the sale of the assignee in bankruptcy of the defendant Watson, and the issue raised as to the parol trust was submitted to the jury in the following form:

"Did the plaintiff purchase the land described in the complaint at the bankrupt sale of the defendant's property upon a parol agreement that the defendant should have the right to redeem the same upon the payment of the purchase money and interest? Answer—Yes."

The plaintiff was introduced as a witness in his own behalf, and his counsel proposed to ask whether, at the time of the sale, the plaintiff and defendant Watson were not co-sureties upon a bond given by H. B. Guthrie as sheriff of Orange county for the years 1866 and 1867; and whether their principal had not been guilty of a default in office, whereby a liability had fallen on them in the sum of about $6,000, from which the defendant Watson was getting relief by going into bankruptcy; and whether, at the time of said sale, the plaintiff's property was not actually under execution for this their joint liability; and, also, whether the defendant Watson did not owe the plaintiff an individual debt of about $200. The defendant objected to this

evidence on the ground of irrelevancy, and the plaintiff insisted that the object in introducing it was to show the improbability of the plaintiff's consenting to buy the land for the defendant's benefit and allow him to redeem it under such circumstances. His Honor said that with this view the evidence would be admitted, and the plaintiff then testified as to these particulars.

On cross-examination the plaintiff was asked whether he and one Mason, who was also a surety on the sheriff's bond as aforesaid, did not agree with their principal that the latter should take the money arising from the taxes of 1867 and place it in plaintiff's hands to buy his property when sold for the default of the year 1866, and thus have the property to meet the default of 1867, and whether this arrangement was not carried out; all of which the plaintiff denied; but he admitted he had purchased certain land at that time when sold by the sheriff, and that he still owned the same. The witness also admitted he had purchased other real estate with money furnished him by a son of the said sheriff, to whom he gave his note for $1,100, but the same was returned to him without the payment of any money. He also stated that he had suffered a loss, as surety to the said sheriff, of about $2,000.

The defendant, in reply, introduced said Mason, who testified that there was such an arrangement made between himself and the plaintiff and H. B. Guthrie, whereby the latter was to furnish the money to buy his property when sold, and accordingly the money was placed in plaintiff's hands, with which he bought Guthrie's property, professing to do so for the benefit of all the sureties upon said official bond for the year 1867, and that he afterwards refused so to apply the property thus purchased, claiming that he had bought it for himself and with his own means. This witness further stated that, instead of losing anything by reason of his surety for Guthrie, the plaintiff actually made clear a valuable plantation containing about three hundred acres.

The plaintiff objected to this testimony on the ground that

the matters were collateral, and that the defendant was bound by the plaintiff's answer thereto upon his cross-examination. Objection overruled, and plaintiff excepted.

His Honor instructed the jury, among other things, to find the issue in favor of plaintiff, unless they believed, not only that there was a parol promise made by plaintiff to defendant to buy the land for defendant's benefit, but that the effect of such promise was to enable the plaintiff to purchase it at an undervalue, and thus make it inequitable for him to hold the land.

The jury found the issue in favor of the defendant, and the plaintiff appealed from the judgment rendered thereon.

*Mr. John Manning*, for plaintiff.

*Messrs. Graham & Ruffin* and *Reade, Busbee & Busbee*, for defendants.

MERRIMON, J. If the amendment prayed for was necessary, to grant it and prescribe the terms upon which, and the juncture in the progress of the action at which it should be allowed, lay in the discretion of the court, and the exercise of such discretion is not reviewable here. It may be said, however, that the court ought always, having a due regard for the rights of the parties to the action, in furtherance of justice, to allow such amendments when necessary.

The court suggested that the main question to be tried was as to the *parol trust* alleged by the defendant in his answer, and assured the plaintiff that if the verdict of the jury in this respect should be in his favor, the amendment should be allowed without costs, and a proper issue submitted as to the *quantum* of damages.

As it turned out, such an issue was not material in this case, but we think the course suggested by the court does not conform to the usual practice, and that it ought not to be adopted as a precedent in such cases. Regularly, the issue as to damages ought to have been submitted along with the other issues, with

instructions to the jury that if they found the issue as to the parol trust in favor of the defendant, they need not consider the issue as to damages, otherwise they would award such damages as they might find the plaintiff entitled to, and like appropriate instructions should be given in all such cases. Thus, the action should be tried without multiplying juries, and unnecessary expenditure of costs and consumption of time; besides, this is the orderly course of procedure.

It is stated in the record that the purpose of the plaintiff in asking for the amendment before the trial, was to put the *onus* on himself to prove the damages in excess of the sum admitted by the defendant, if he were liable at all, and thus give the plaintiff the right to make the closing argument to the jury. The order of argument is now regulated by rules of procedure in the superior court. The decision of the court as to who shall be allowed to open and conclude the argument in an action, is not reviewable in this court. It is presumed that the court will always regulate the argument in each particular case, with an eye single to fairness, and with strict justice to the parties litigant. It seems to us, that the court in this case did so, for it is plain that the burden of proving the affirmative of the main issue submitted to the jury, rested upon the defendant.

The power of courts to regulate matters of practice, and of this court to prescribe rules in respect thereto for the superior courts, cannot be questioned. The power is conferred by the constitution and as well by THE CODE, §561. The power to regulate practice is exercised to a greater or less extent by all courts. *Johnson* v. *Sedberry*, 65 N. C., 1; *Perry* v. *Morris, Ib.*, 221; *Brooks* v. *Brooks*, decided at this term, *ante*, 142; *Day* v. *Wordsworth*, 13 How. (U. S. Rep.), 363.

The exception to the admission of evidence cannot be sustained. The testimony of the plaintiff objected to by the defendant ought not in strictness to have been admitted, but the court having allowed the plaintiff such great latitude, properly allowed the defendant opportunity to combat, as well as he could, the

ground laid by the plaintiff for an inference in his favor, and to the prejudice of the defendant, by evidence bearing directly upon the matters testified to by the plaintiff.

We do not mean to be understood as saying that the court should encourage any departure from the settled rules of evidence, when the admission of improper testimony is objected to. We only say that where one party first gets the benefit of evidence not strictly admissible, the opposite party should be allowed like latitude in combatting the same under the direction of the court. It is the duty of the court to see that equal justice is done to both sides on the trial in the admission of testimony. The safe rule is to adhere strictly to the settled rules of law. If it appears that the court has admitted improper testimony to an unwarranted extent in a case like that mentioned, to the prejudice of the opposing party, this would be ground for a new trial. In *Miller* v. *Miller*, 89 N. C., 209, cited by both parties in the argument, no more was meant than what is here said. In that case the evidence objected to was admitted on the ground of the latitude allowed to the defendant in calling out particular facts.

We think the plaintiff has no just grounds of complaint at the admission of the testimony offered by the defendant, and the judgment must be affirmed.

No error.                                          Affirmed.