STATE v. ANDERSON JONES.

*Evidence, discrediting witness.*

On trial of an indictment for perjury, assigned in an alleged false
oath taken in a bastardy proceeding, in which the defendant
swore he never had sexual intercourse with the prosecutrix, the
prosecutrix testified she never had such intercourse with any other
man than the defendant; *Held*, that the defendant for the pur-
pose of discrediting her testimony had the right to show by a
witness that he (witness) had often been criminally intimate with
her for several months preceding the birth of the child.

(*Cheek* v. *Watson*, 90 N. C., 302; *State* v. *Johnson*, 82 N. C., 589;
*State* v. *Crouse*, 86 N. C., 617, cited and approved.)

INDICTMENT for perjury, tried. at Spring Term, 1884, of
DUPLIN Superior Court, before *Shepherd, J.*

The case states : It was conceded that at a trial in August,
1880, before a justice of the peace, in which this defendant
was prosecuted for bastardy by one Sarah Creech, the de-
fendant swore he had never had sexual intercourse with
the said Sarah.

On this (the perjury trial) the said Sarah testified that be-
fore the trial before the said justice she had never had sex-
ual intercourse with any other man than the defendant.
She also stated, upon cross-examination, that she had sworn
to the same facts before the justice of the peace, and she
also testified that defendant did have sexual intercouse fre-
quently with her during the year 1879, extending into the
fall, and that the child was born on the 6th of May 1880.

In the course of the trial, the defendant offered to prove
by a witness that he (the witness) had had habitual sexual
intercourse with said Sarah several months before the trial
of the said bastardy proceeding, and before the birth of the
child. This was objected to by the state, and thereupon the

defendant stated to the court that he offered it for the pur-
pose of discrediting the witness Sarah, but the court sus-
tained the objection of the state,.and declined to admit the
evidence, and the defendant excepted.   There was a verdict
of guilty, and the defendant appealed from the judgment
pronounced.

*Attorney-General*, for the State.
*Messrs. H. R. Kornegay* and *Strong & Smedes*, for defendant.

SMITH, C. J.   The perjury imputed to the defendant con-
sists in an alleged false oath taken before a justice of the
peace in August, 1880, upon a proceeding against him,
charging him with the paternity of the bastard child of
Sarah E. Creech, wherein he swore that he had never had
any sexual intercourse with her.

Upon the trial of the issue the said Sarah testified that
previous to the proceeding before the justice, she had never
had any sexual intercourse with any other man than the
defendant.

On cross-examination she stated that she had given sim-
ilar and consistent evidence on her examination before the
justice, and that the defendant did have such criminal in-
tercourse with her frequently during the year 1879, extend-
ing into the fall, and that the child was born on May 6th,
1880.

The defendant then introduced a witness and proposed to
inquire of him if he had not been often criminally intimate
with the mother for several months preceding August, 1880.
On objection the court refused to let the testimony go to the
jury, and the exception to this ruling is the only matter for
review on defendant's appeal.

The falsehood assigned in the defendant's oath lies in his
denial of the existence of criminal relations between him-
self and the mother at any previous time, and whether she

had formed similar relations with others, however applica-ble to an inquiry into the paternity of the child, not then be-fore the court, is a question not pertinent to the issue before the jury, nor, if shown, does it tend to sustain the oath of the accused that he had none such at any time.  The charge is that he had himself had such illicit intercourse with the mother and he swore falsely in denying the fact.

If the testimony of the mother as to her relations with other men came out upon her direct examination, and con-stitutes, as the record seems to indicate, *a part of the testimony in chief*, which, while disavowing criminal intimacy with all others, imputes such intimacy with the accused, thus asso-ciating the two statements in a single declaration, it would be but reasonable to allow the proposed contradictory evidence in disproof of the mother's general statements; and the rule seems to apply to testimony not material and open to objec-tion if made, when no objection being made it goes before the jury.   If the jury hear irrelevant testimony, it ought to be truthful and not *ex parte* and misleading.   1 Greenl. Evi., § 468; *Cheek* v. *Watson*, 90 N. C., 302.

If the testimony was elicited upon the examination of de-fendant's counsel, the answer, which involves a collateral fact affecting the credibility of the witness only, is conclu-sive upon well established principles of evidence. *State* v. *Johnson*, 82 N. C., 589; *State* v. *Crouse*, 86 N. C., 617, and other cases.

The case prepared on appeal contains a very unsatisfac-tory statement of the facts relating to the mother's evidence. A literal interpretation of the record if, as we must infer, though not so stated, the mother was produced as a witness for the state, her testimony *indirectly only* charges the de-fendant with the criminal intercourse, for she says that she *had never had such with any other man than the defendant*, with-out saying positively that she had such with him, and thus her relations with others is part of her charge against the

defendant. On the other hand, upon her cross-examination, consistent statements are elicited in corroboration of her testimony in chief, which ought to proceed from the state, and then follows her direct imputation of criminality to the defendant. These difficulties somewhat embarrass us in arriving at a satisfactory conclusion in making a disposition of the appeal, but as we cannot look outside of the record and must take it as sent up, it does appear that the testimony to be disproved constitutes a substantial part of that delivered by the mother, and must be open to explanation and contradiction, that the jury may know its truth.

There must be a new trial, and it is so ordered. Let this be certified.

Error.                                          *Venire de novo.*