B. J. EDWARDS et al. v. W. W. PHIFER.

*Trial— Evidence —Irrelevant Testimony— Harmless Error— Charge of Trial Judge— Verdict.*

1. Although testimony, which does not prove, or tend to prove the contention of either party to an action, is irrelevant and should properly be excluded, yet its admission is harmless error.

2. The fact that, in the trial of an action, one party happens to get the benefit of the testimony not strictly competent, does not justify the admission of incompetent evidence for the benefit of the other party (*Cheek* v. *Watson*, 90 N. C., 302, disapproved).

3. When the substance of a party's prayer for instruction is given in the charge by the trial Judge, it is not necessary that the exact language of the prayer should be followed.

4. Where, in the trial of an action by the vendee of land against the vendor to recover the difference between $782, the contract price of the land, as plaintiff alleged, and the value of ten shares of stock in a Building and Loan Association which, as defendant alleged, the plaintiff subscribed for and assigned to him and agreed to keep up until maturity, and for which defendant received $1.000 at its maturity, the issues were : (1) "What was the purchase price of the property under the terms of the contract ?" and (2) "Is the defendant indebted to plaintiff? If so, in what amount?"; and the jury responded to the first issue "Ten paid up shares in Building and

Loan, and plaintiff was only to be made to pay therefor $782;" and
to the second issue the response was "Thirteen dollars and interest;"
*Held*, that the verdict was an explicit finding that the contract price
of the land was ten shares of stock as contended for by defendant,
and plaintiff cannot complain of the inconsistent finding, in response
to the second issue, in her favor.

CIVIL ACTION tried before *Hoke, J.*, and a jury, at Fall
Term, 1897, of MECKLENBURG Superior Court. The facts
appear in the opinion. The plaintiff objected to the find-
ings of the jury as inconsistent and irresponsive and as not
warranted by the pleadings and evidence, and appealed
from the judgment thereon.

*Messrs. Osborne, Maxwell & Keerans*, for plaintiff (appellant.)
*Messrs. Jones & Tillett* and *Geo. E. Wilson*, for defendant.

FURCHES J.: The *feme* plaintiff bought a house and lot in
the City of Charlotte from the defendant. The deed has been
made and there is no dispute about the title. The only
controversy is as to the price of the house and lot. The
plaintiff claims that it was $782, while the defendant claims
that it was ten shares of paid up Building and Loan Stock
of the nominal value of $100 each, making in the aggregate
$1,000. The plaintiff not having the ready money to buy
the property, it was agreed that the price, whatever it may
have been, was to be paid through the Building and Loan
Association. For this purpose the plaintiff subscribed for
ten shares which she afterwards assigned, on the books of
the company, to the defendant. The plaintiff kept the
weekly dues paid on these ten shares of stock, until it ma-
tured in 1896, and the defendant receipted for and drew the
money due thereon, $1,000.

The plaintiff contends that only $782 of the money drawn
by the defendant from the Building and Loan Association
belonged to the defendant, and this action is brought to
recover the difference between $782 and $1,000.

The plaintiff swore that the contract price was $782 and introduced other evidence tending to corroborate her; while the defendant swore that the contract price was ten paid up shares of stock of the nominal value of $100 each in the Building and Loan Association, and introduced other evidence tending to sustain him.

During the trial the plaintiff introduced evidence as to the value of the property—as to. what the lot unimproved was worth, and also as to the cost of putting the house on it, said to be about $650. And defendant, over the objection of plaintiff, was allowed to prove by an officer of the Association that plaintiff, in fact, paid into the Association on this stock $795, and the balance, making the $1,000, was paid from the dividends due on said stock.

The plaintiff claims that the admission of this evidence was error, and that she has been prejudiced thereby; while the defendant claims that it was not error; and if it was error, it was justified by the incompetent evidence introduced by the plaintiff as to the value of the house and lot—in other words that "honors are easy," and cites *Cheek* v. *Watson*, 90 N. C., 302, to sustain this contention. It does not seem to us that *Cheek* v. *Watson* can be sustained by precedent or authority, and this ruling of the Court does not meet our approval. But it does not seem to us that the correctness of the judgment of the Court depends on this ruling of the Court.

This evidence was irrelevant, as it did not prove, nor tend to prove, any issue before the Court. It did not tend to prove the plaintiff's contention that the price of the property was $782, nor did it tend to prove the defendant's contention that the price was ten paid up shares of stock in the Building and Loan Association. In other words, it did not prove or tend to prove the contract, as contended by either party, and should have been excluded,

*Short* v. *Yelverton*, at this term. As to whether it tended to disprove the plaintiff's contention that the contract price was $782 is not before us, as the defendant did not appeal. But as we fail to see how it could have tended to prove that the contract price was ten paid up shares of stock of $100 each in the Building and Loan Association, it was harmless error. In fact, the same thing had been proved by the defendant's testimony, just before, without objection on the part of the plaintiff.

The Court did not read several of the prayers of the plaintiff for instructions, while the Court remarked that they were good law, and the plaintiff excepted to this. This exception would be well taken but for the fact that the substance of the plaintiff's prayers are given in the charge of the Court, and it was not necessary that they should be in the language of the prayers. *Patterson* v. *McIver*, 90 N. C., 493; *Brink* v. *Black*, 77 N. C., 59; *State* v. *Hargrave*, 103 N. C., 328.

It is contended by the plaintiff that the verdict is irregular, uncertain, and not responsive to the contention of either plaintiff or defendant, and that the Court committed an error in allowing such a verdict to be rendered, and in going to judgment thereon. It is true that $795 is not in accordance with the contention of either party, nor does it seem to be sustained by the evidence. But this is not the verdict of the jury upon the issue submitted as to what was the contract. The issues submitted to the jury were as follows:

1. "What was the purchase price of the property under the terms of the contract? Ans., ten paid up shares in Building and Loan, and plaintiff was only to be made to pay therefor $782."

2. "Are the defendants indebted to the plaintiff, if so in what amount? Ans. $13.00 with interest from March, 1896."

So it is seen that the jury explicitly found that the contract price was ten paid up shares of stock in the Building and Loan Association—adding what was unnecessary and surplusage, for which she "was only to pay $782." If they had stopped with this issue, the plaintiff would have been entitled to nothing. It is the second issue that contains the erroneous finding of $13.00 in favor of the plaintiff. While the defendant would have had grounds to complain of this finding, we do not see how the plaintiff can complain, as it is in her favor.

It may be that the defendant got the advantage in the trade—got more for the property than it was worth. But if this be so, it is not a matter that we can remedy.

Affirmed.