R. W. BROWN *v.* S. MIENSSET and E. FRISARD.

(Decided December 6, 1898).

*Evidence—Contract and Discharge.*

Where it was admitted, by plaintiff's counsel on the trial below, that plaintiffs right to recover depended upon the power of certain officers of a corporation to make the assignment and delivery of a lease contract, it was right to allow the defendant to show a release and discharge by the same officers who had made the contract with the assignor of plaintiff.

CIVIL ACTION for rents.

CASE ON APPEAL.

This was a civil action tried before *Starbuck, J.,* and a jury, at Spring Term, 1898, of McDOWELL Superior Court, on appeal by defendant from a Justice of the Peace. The action was brought to recover a certain amount alleged to be owing by defendants on a contract of lease. The following is a copy of said contract:

COPY OF LEASE.

NORTH CAROLINA—McDOWELL COUNTY.

This lease and contract, made and entered into this 18th day of April, 1893, by and between The Carolina

Investment Company, a corporation, party of the first part, and Stephen Miensset and Emil Frisard, parties of the second part, Witnesseth: That the party of the first part, for the considerations hereinafter set forth, has leased, demised and let to the parties of the second part, for the term of five years, beginning on the 1st day of May, 1893, and continuing unto the first day of May, 1898, the Round Knob Hotel and grounds in McDowell County, North Carolina, said grounds embracing the bottom lands lying on both sides of Mill Creek from the stone viaduct to the Mill Creek trestle, and also including the apple orchard on the lands of said company outside said boundary lying on a hill side about one-fourth mile southeast of the hotel, the parties of the second part to pay as a rental for said hotel and grounds the following sums: two hundred and fifty dollars ($250) per year for the first two years, three hundred dollars ($300) for the third year, four hundred dollars ($400) for the fourth year, and five hundred dollars ($500) for the fifth, payments to be made quarterly on the first days of August, November, February and May, during the continuance of this lease.

It is agreed that the rental for the first two years may be expended by the lessees on permanent improvements on said hotel. The parties of the first part moreover agree to sell to the parties of the second part the furniture, linen, bedding, crockery, piano and safe at said hotel, farming implements and cow for the sum of eight hundred dollars ($800), and to loan to the parties of the second part, for the purpose of carrying on a hotel business in said hotel, the sum of five hundred dollars ($500), the amount so loaned, and the amount of the purchase money for said furniture, to be paid to the party of the first part by the parties of the second part

in five payments of two hundred and sixty dollars ($260) each, with interest at six per cent. per annum, for which the parties of the second part have executed five notes for two hundred and sixty dollars, each due on the first day of May in the years of 1894, 1895, 1896, 1897 and 1898 respectively, title to said furniture, piano, safe, linen, bedding, farming implements and cow to be retained by the parties of the first part until said notes and interest are paid.

The party of the first part is to retain one room in said hotel building suitable for an office for said company. The parties of the second part agree to promptly pay the rent and notes as hereinbefore set forth, to take proper care of the buildings, fixtures and grounds of the said hotel and make no subletting of said hotel or grounds.

In testimony whereof this lease and contract has been signed and delivered in duplicate the date and year first above written.

THE CAROLINA INVESTMENT COMPANY,

M. F. SCAIFE, *President,* [Seal]
S. MIENSSET,                [Seal]
C. C. MILLER,               [Seal]
E. FRISARD,                 [Seal]

Witnesses as to all by
C. C. MILLER,
W. C. ERVIN.

It is understood and agreed to be a part of this lease and contract that the party of the first part is to take back the furniture, sold by this contract at a price of $500, at the end of this lease provided said lease is not extended, and provided the same amount of furniture, as shown by inventory taken this day, or its equiva-

lent in value and condition, be tendered by the party of the second part at the termination of this lease.

                    THE CAROLINA INVESTMENT COMPANY,
                         M. F. SCAIFE, *President*, [Seal]
                         S. MIENSSET,                [Seal]
                         E. FRISARD,                 [Seal]

Plaintiff introduced testimony showing that J. W. Wilson had sold to the North Carolina Investment Company, a corporation, the Round Knob Hotel property, in consideration of stock issued to Wilson. The deed was never registered. The Company leased said property to defendants Miensset and Frisard by the contract above set out.

J. W. Wilson, witness for plaintiff, testified that he entered into an agreement with the Company, the terms of which he began to state, when defendant Frisard objected to the witness stating that an agreement was made with the company, and insisted that the witness would show with what persons the agreement was made, and their authority to bind the company.

The objection was sustained.

Thereupon witness testified that he first spoke to all the officers of the company, except the President, upon the matter of agreement hereinafter mentioned, and that they all expressed their consent. That the agreement was finally made and carried out by and between witness on the one hand, and J. R. Ervin, Vice President, S. T. Pearson and W. C. Ervin, Directors of the Company, on the other, by which said deed was surrendered to Wilson, and Wilson surrendered his stock to the company, and the said contract of lease was assigned and delivered without written endorsement to Wilson, who was to receive the rents under, and assume any obligations imposed upon the company by

said contract of lease. Said lease was transferred by Wilson to plaintiff by the following endorsement:

"Pay R. W. Brown.              JAS. W. WILSON."

Plaintiff rested without offering evidence to show authority of said officers to act for and bind the company in making said agreement with Wilson, but defendant did not ask the Court to exclude the testimony above set out, and proceeded with his evidence.

Defendant Frisard proposed to show that at a time prior to the delivery of the lease to Wilson he agreed with the same officers who made the agreement with Wilson that if he, Frisard, would procure one C. C. Miller to sign the lease contract and notes therein referred to and to pay $250, then due under the contract, that the defendant should be discharged from all liability on said lease contract, and that this agreement was prior to the delivery of the lease to Wilson, carried into effect by defendant Frisard on the one hand, and said officers, to-wit, J. R. Ervin, Vice-President, S. T. Pearson and W. C. Ervin, Directors, claiming to act in behalf of the company, on the other hand.

Plaintiff objected on the ground that the authority of said officers to bind the company had not been shown.

The Court inquired of plaintiff's counsel whether he did not, in order to recover, contend that these officers had the power to make the agreement with Wilson by which the lease was assigned. Counsel stated that he did. Thereupon the Court stated that if the plaintiff relied upon the assignment of the lease by said officers without their authority to act for the company, the defendant should be permitted to show he had been released from liability by the same officers, and admitted the proposed evidence.

Plaintiff excepted.

The witness Wilson testified he had no notice of the alleged release when the lease was assigned to him.

There was a verdict and judgment in favor of defendant Frisard.

Plaintiff moved for new trial for error assigned. Motion denied. Exception. Appeal by plaintiff. Notice waived in open court. Appeal bond fixed at $50.

Plaintiff assigns as error the admission of the evidence in regard to the alleged release without proof of the authority of said officers to act for and bind the Company.

Upon disagreement of parties in stating the case, and after due notice to counsel, the foregoing is certified to be the correct statement of the case on appeal.

H. R. STARBUCK,
*Judge Presiding.*

Mr. R. O. Burton, for appellant.
Messrs. S. J. Ervin and A. C. Avery, for appellee.

MONTGOMERY, J.: In 1893, the Carolina Investment Company leased to the defendants. The Round Knob Hotel and grounds in McDowell County, for five years for a certain annual rental. The property had been sold by J. W. Wilson to the Company for stock in the same, but the deed had not been registered. The plaintiff claimed to be the owner of the contract of lease, and this action was brought to recover an amount then alleged to be due under it. On the trial J. W. Wilson, a witness for the plaintiff, had proceeded to testify concerning an agreement he had had with the company, by which he came into the possession of the lease contract, when the defendant Frisard objected and insisted that the witness should show with whom the agreement

was made and their authority to bind the Company. The objection was sustained and the witness testified, in substance, as follows: "That he first spoke to all the officers of the company, except the president, upon the matter of agreement hereinafter mentioned, and that they all expressed their consent; that the agreement was finally made and carried out by and between the witness on the one hand and J. R. Ervin, vice-president, S. T. Pearson and W. C. Ervin, directors of the company on the other, by which said deed was surrendered to Wilson, and Wilson surrendered his stock to the company, and the contract of lease was assigned and delivered without written endorsement to Wilson who was to receive the rents under, and assume the obligations imposed upon the company by said contract of lease; said lease was transferred by Wilson by the following endorsement—'Pay R. W. Brown—Jas. W. Wilson'."

The plaintiff rested his case upon that evidence without offering to show, further, the authority of the vice-president and the two directors of the company, Pearson and Ervin, to act for and bind the company in the transaction; nor did the defendant ask the court to exclude the evidence on that ground.

The defendant Frisard proposed to show that at a time prior to the delivery of the lease to Wilson he agreed with the same officers who made the agreement with Wilson that if he (Frisard) would procure one C. C. Miller to sign the lease contract and notes therein referred to, and to pay $250 then due under the contract the defendant should be discharged from all liability on the lease contract, and that this agreement was prior to the delivery of the lease to Wilson, carried into effect defendant Frisard on the one hand and the said officers

(Ervin, vice-president, and Pearson and Ervin, direc-tors, claiming to act in behalf of the company) on the other hand. There was objection to the proposed evi-dence on the part of the plaintiff on the ground that the authority of the officers to bind the company had not been shown by the witness. "The Court inquired of plaintiff's counsel whether he did not, in order to recover, contend that these officers had the power to make the contract with Wilson by which the lease was assigned, and counsel stated that he did; thereupon the Court stated that if plaintiff relied upon the assign-ment of the lease by said officers without authority to act for the company, the defendant should be permitted to show that he had been released from liability by the same officers, and admitted the proposed evidence." The plaintiff excepted.

The objection to the evidence complained of is founded on the decisions of this Court in the cases of *Edwards* v. *Phifer*, 121 N. C., 388, and *Phifer* v. *Railroad*, 122 N. C., 940. In the latter case, on the cross examina-tion of the plaintiff as a witness for himself, the de-fendant's counsel asked the witness if he was *careful* while at work on the bridge, and he answered that he was. On the re-examination of the same witness he was asked by his own counsel if he was careful, and the answer "yes" was allowed over the objection of the de-fendant on the ground that the defendant had drawn precisely the same evidence from the witness and that that was only a repetition of the same evidence. This Court, however, held on the appeal that the objection ought to have been sustained.

But the case before us presents a much larger ques-tion than one of evidence. The plaintiff's right to re-cover rests upon the power of the vice-president and the

two directors named to make the agreement by which the lease contract was assigned and delivered to Wilson. This is apparent from the evidence of the plaintiff as well as by the manner in which the evidence was brought out. The counsel of the plaintiff on the trial below, as we have seen, admitted that the plaintiff's right to recover depended upon the power of the officers above named to make the assignment and delivery of the lease contract. That being so, the court below was clearly right in allowing the defendant to show a release and discharge by the same officers who had made the contract with Wilson, the assignor of the plaintiff.

No error.