W. G. ALBRIGHT, Ex'r. and others *v.* ALSA MITCHELL,

When issues are made up by the pleadings, parties have the right to have those material to the determination of the case submitted to a jury; and for the presiding Judge to withdraw such material issues and substitute others, is error.

CIVIL ACTION, for the specific performance of a contract for the purchase of land, tried by *Tourgee, J.*, at the Fall Term, 1873, of CHATHAM Superior Court.

The facts of the case are fully set out in the opinion of the Court.

From the judgment of his Honor, overruling certain exceptions of the defendant to the admission of evidence, he appealed.

*Headen* and *Batchelor, Edwards & Batchelor,* for appellant.
*Smith & Strong* and *Parker,* contra.

BYNUM, J. This was an action for the specific performance of a contract for the purchase of a tract of land. The defendant, in his answer, admits the contract and giving the note for the purchase money, but alleges that he has paid off the debt

in sundry payments therein set forth, and he demands the surrender of the note and the execution and delivery of a deed for the land.

Upon the pleadings the following issue was made up and submitted to the jury: "Is there anything due from the defendant, upon the two bonds given for the purchase money of the land mentioned in the complaint, and if so, how much?"

Much evidence was introduced on both sides and several exceptions were made to the evidence and the rulings of the Court, by the defendant, which we will not now examine, as we put our decision upon another point in the case.

After the testimony was closed, his Honor, against the wishes of the defendant, withdrew the issue, and in the place thereof, submitted four others, to wit:

1. Is the defendant entitled to any credit on his bonds for staves got out on the Bell land, and if so, how much?

2. Is defendant entitled to any credit on his bonds for removing said staves, and if so, in what amount?

3. Is defendant entitled to any further credit on his bonds by reason of a horse sold to Trollinger, and if so, in what amount?

4. Is defendant entitled to any credit on his bonds, for getting out any other staves than those got out on the Bell land?

The issues are made by the pleadings, and parties have the right to have all so made and which are material to the determination of the case submitted to the jury. It is true, that if the Court deems any particular fact or matter a material subject of special enquiry and finding, he has the right to submit an issue for that purpose, but he has not the right to withdraw from the jury the more comprehensive issue or issues which involve the merits of the whole case, and submit in the stead narrower and more restricted issues, which do not go to the entire merits.

While, therefore, the substituted issues are not objectionable, it was not proper to deprive the defendant and the jury of the advantage of considering any evidence, (and there certainly

was some,) as to other payments besides those named in the four new issues. The first issue submitted was the proper one, and the true enquiry was, "Had the notes been paid, and if not, what was due upon them," and we can readily perceive how the defendant was prejudiced by withdrawing it from the jury.

One of the defendant's exceptions raises a question of practice under the new law of evidence. On the trial the witnesses were sent out of Court, in charge of an officer, the defendant remaining in Court, on the assurance that he would not be examined as a witness. He was, however, introduced to contradict another witness, and, by consent of the plaintiff, allowed to do so, to a prescribed extent, but was then stopped by the plaintiff and the Court from giving the whole of the conversation he was deposing to. It would seem that a party in interest to an action has the right to be present at the trial and has the right to testify in his own behalf, and it would follow that he can withdraw any voluntary consent, not to testify, or to withdraw with the other witnesses.

This case is a proper one for reference.

There was error.

PER CURIAM. *Venire de novo.*