CEDAR FALLS COMPANY v. WALLACE BROTHERS.

*Issue—Bill of Exchange—Notice of Non-Payment.*

1. It is not every matter averred on one side and denied on the other, that in a legal sense is an issue, but only such as are necessary to dispose of the controversy.

2. Generally, if the drawer of a bill has no reasonable ground to expect it to be honored, the holder is not bound to strict presentment and notice; but if the drawer has funds in the hands of the drawee, he has a right to expect his bill to be honored by applying thereto the funds belonging to the drawer or otherwise; and the drawer is entitled to presentment of his bill in reasonable time and strict notice if dishonored, although the drawer knew or had reason to believe when he drew the bill that the drawee was insolvent.

(*Albright* v. *Mitchell*, 70 N. C., 445, cited and approved.)

CIVIL ACTION, commenced in Randolph and removed to and tried at Spring Term, 1880, of GUILFORD Superior Court, before *Seymour, J.*

15

Verdict and judgment for defendants, appeal by plaintiff company.

*Messrs. John N. Staples* and *W. W. Fuller,* for plaintiff.
*Messrs Scott & Caldwell,* for defendants.

DILLARD, J.   The case made by the complaint was, that defendants, merchants of Statesville, N. C., drew a bill of exchange on the 20th of November, 1872, at three days sight in favor of the plaintiff, (a manufacturing company of Randolph county, N. C,) on E. Lepage & Co., of Norfolk, Virginia, for four hundred and four dollars and sixty cents; that the drawees having failed to pay the money on demand after a previous acceptance, a protest was duly made and notice given to both plaintiff and defendants; and thereupon the plaintiff took up the bill and brought this action claiming to recover against the defendants as drawers.

The defence set up was, that all the time from the date of the bill in November to the protest for non payment in December, the defendants had in the hands of the acceptors in Norfolk eight hundred dollars, of which sum three hundred dollars was paid on two bills drawn subsequently to the one in suit; and that the holding of the bill for so long a time before presenting the same for acceptance and payment was a negligence which discharged them.

At the trial of the cause, the formation of issues being delayed by consent of parties until further developments, the evidence was adduced on both sides, and thereupon the court framed and submitted to the jury the issue, " Did the plaintiff present the bill in reasonable time," and declined to submit those offered by the plaintiff, which are as follows:

1. Did the plaintiff forward the draft at the first opportunity and exercise all the diligence in its power to present the draft for acceptance?

2. Was the plaintiff delayed in the presentment of the draft by circumstances beyond its control ?

3. Did defendants have a right to expect the payment of the draft?

4. Were Lepage & Co. insolvent at the time the draft was drawn ?

5. Were Lepage & Co. insolvent at the time the draft was drawn, and was their insolvency known to the defendants ?

6. Did defendants have reasonable grounds to believe that the draft would not be paid?

The refusal of the judge to adopt and submit the six issues proposed by the plaintiff instead of the single one submitted by the court, constitutes the matter of the first exception for our consideration. An issue of fact arises in cases where the only pleadings are a complaint and answer upon a material allegation in the complaint controverted by the answer. C. C. P., § 221, (1). So it is not every matter averred on one side and denied on the other, that in a legal sense is an issue, but only such as are necessary to dispose of the controversy. And to such necessary matters, the issues submitted ought to be confined as far as possible, the more comprehensive the better, in order to avoid embarrassment and confusion to the jury from a multiplicity of issues. *Albright* v. *Mitchell,* 70 N. C., 445.

Here, the defence was; and so was the uncontroverted proof, that the plaintiff held the bill and failed to present it for acceptance, or to put it in the way of being so presented through the National bank at Greensboro by its correspondents, from the 20th of November to the 20th of December ; and upon the allegation that the presentment when made was not in reasonable time, the defendants claim to be discharged. This, the material fact to be ascertained, and the only one, was, whether the presentment was or was not in reasonable time. Such being the case, manifestly the issue submitted by the judge was comprehensive enough to em-

brace all the separate facts in the proposed issues of the plaintiff that were material. The facts proposed to be ascertained by the verdict of the jury on the first and second of the rejected issues, namely, *the forwarding of the bill by the first opportunity and the delay of presentment from circumstances beyond the control of plaintiff*, were material facts and proper for the consideration of the jury. And most obviously they were within the scope of the issue submitted by the judge, and to this extent, therefore, the plaintiff had no right to complain.

As to the other facts, namely, *the right of defendants to expect payment of the bill*, the actual *insolvency* of the drawees at the date of the bill, and the *knowledge* thereof by the defendants at the time, and the *reasonable ground of belief* by defendants that the bill would not be paid, proposed to be fixed by the jury in response to the third, fourth, fifth, and sixth issues of the plaintiff, were all immaterial under the undisputed facts of this case. It was proved and not questioned on the trial, that the drawers had in the hands of the drawees eight hundred dollars of funds at the date of the bill, and that three hundred dollars of that sum was drawn out on bills in favor of others, dated as late as the 6th of December. It thus appearing that there were funds in drawees' hands sufficient to pay the bill, the defendants had the *right to expect* their bill in favor of plaintiff to be paid. The insolvency of the drawees in such case, even if known to the drawers and producing *belief* in them that the bill would not be paid, would not excuse the plaintiff for not presenting it in reasonable time.

The drawers having funds in the hands of E. Lepage & Co., had the right to expect their bill to be honored by them, by applying thereto the funds belonging to the drawers or otherwise by the funds of the drawees or the means of their friends, and they were entitled to presentment of their bill in reasonable time and strict notice if dishonored, on the

part of the plaintiff, although the defendants at the time they drew the bill may have believed the drawees were insolvent and been so notified by them and requested not to draw on them. 2 Daniel Neg. Instr., § 1073, *et seq.; Predeaux* v. *Collier*, 2 Starkie's Rep., 57; *Staples* v. *O'Kinis*, 1 Esp., 332; *Nicholson* v. *Douthel*, 2 H. Black., 609; *Easdale* v. *Sowersby*, 11 East., 117; *Brown* v. *Ferguson*, 4 Leigh, (Va.,) 37. Such being the right of the defendants, resulting from the fact of having funds in the hands of the drawees, the plaintiff would not have been excused from the duty of presentment in reasonable time, even if the facts proposed to be inquired of in the issues 3, 4, 5 and 6) were admitted, and therefore they are immaterial and no error was committed in the court below in rejecting them.

The only other exceptions presented by the appellant for our consideration are in respect to an alleged expression of opinion on the evidence by the judge, and to the charge refused and as given. In order to an intelligible understanding of the points of error assigned, it is material to embody herein the instructions asked, which are:

1. If the jury believe from the evidence that plaintiff forwarded the draft at the first opportunity and used due diligence to have it presented, the plaintiff is not guilty of negligence.

2. What is reasonable time depends upon the circumstances of each particular case, and there is no definite rule as to reasonable time, but that it varies according to the circumstances of each particular case.

3. That circumstances beyond the control of the holder is a reasonable cause for delay in the presentment of a draft for acceptance.

4. If the jury believe that when the draft was drawn the defendants had no reasonable ground to expect the draft would be honored, then it makes no difference whether the draft was presented in reasonable time or not.

The first three instructions were given, but the court refused the fourth in the terms in which it was couched. It is undoubtedly true in general that if the drawer of a bill has no reasonable ground to expect it to be honored, as by having funds in the hands of the drawee or some arrangement for its acceptance and payment, made or to be made, the holder is not bound to strict presentment and notice. But the instruction asked and refused, taken with reference to the facts of the case on trial, could not have been given. In the case on trial, the fact of the existence of adequate funds in the drawee's hands was a fact proved and not denied. And in view of that fact, in place of giving the instruction in the terms thereof, the judge was right in refusing, and should have instructed the jury as he did—that the drawing of the bill by defendants under the circumstances, as a matter of law, was a reasonable ground to expect the payment of the bill. There was no error then in the refusal to charge as requested, and none we think in the charge as given.

His Honor having given the first, second and third special instructions asked by the plaintiff and refused the fourth as above explained, went on and in his general charge instructed the jury that if Lepage & Co. had funds in their hands belonging to the defendants sufficient to pay the bill, the defendants had the right to expect the payment thereof, and in such case the duty rested on plaintiff to make presentment within reasonable time; and after laying down the general rule of diligence in the presentment of such paper, he explained to the jury that within the meaning of the expression "reasonable time," the plaintiff company might except itself from the operation of the general rule by showing that it was prevented from presenting the bill sooner than it did, by the freshet relied on or other inevitable accident; and whether there was such freshet or not and its sufficiency to prevent an earlier presentment of the

bill, was fairly submitted to the jury as it seems to us. There is, therefore, no error in the charge given.

As to the error assigned in what is claimed to be an expression of opinion on the evidence by the court: In our opinion the expression used amounted to no intimation of opinion by the court, or if capable of such a construction, the subject matter thereof was so put to the jury in the general charge as to do no harm to the plaintiff. As excusing the long holding of the bill without presentment for.acceptance, the plaintiff offered evidence tending to show that there was no post office nearer to their place of business than two or three miles, and that between the two points there was a creek which, by reason of heavy.rains, prevented the plaintiff from presenting the bill for acceptance earlier than it did; and in opposition thereto the defendants offered evidence tending to show that the mail carried the bill from Statesville to plaintiff on the 20th of November, and that the answer of plaintiff acknowledging. its receipt,.mailed on the 25th of November, reached them at Statesville on the 27th of November. In this state of the evidence as to the prevention of presentment of the bill by high water, His Honor, after charging the jury that such prevention if found true was a good excuse, called attention to the fact of the transmission of the said letters between the plaintiff company and the defendants through the mail, and said to the jury that it did not appear that the same means of communication which carried plaintiff's acknowledgment of the receipt of the bill to defendants on the 25th of November, might not. also have.carried the bill for presentment for acceptance. The judge by this remark did not express any opinion. The point was developed by defendant's repelling evidence and was so designed to be. When the judge said it did not appear that the same means of communication might not have carried the bill to its destination, he merely stated what was true. In truth it did not

*appear*, and the defendants relying on the absence of any account of that circumstance, it was not improper in the charge to call the jury's attention to the point in the language the judge employed. However this may be, His Honor afterwards in his general charge left the question of prevention by high water to the jury as a question of fact, and in that connection advised the consideration of all the evidence on both sides, including the evidence as to the passage of letters between plaintiff and defendants after the bill came to plaintiff's hands, and as thus left, the jury had the whole matter before them, and it is not seen that the remark of the judge did or by possibility could have prejudiced the plaintiff.

There is no error, and the judgment of the court below must be affirmed.

No error. Affirmed.