J. R. CUTHBERTSON v. THE NORTH CAROLINA HOME INSURANCE COMPANY.

*Issues—Assignment of Error—Insurance—Application.*

1. It is not every matter alleged on the one side and denied on the other that raises an issue to be submitted to the jury, but only such allegations and denials as involve facts necessary to the determination of the controversy.

2. The form in which issues are submitted is of little consequence, if the material facts in controversy are clearly presented by them, but all unnecessary and immaterial issues should be avoided, as they tend to confuse and mislead the jury.

3. In an action on a policy of insurance wherein several distinct articles are insured, it is not proper to submit separate issues as to the value of each separate article.

4. The submission of immaterial issues, when not prejudicial to the appellant, cannot be assigned as error.

5. The application for insurance forms a part of the contract, and the inquiry and answers are tantamount to an agreement that the matter enquired about is material, and its materiality is not open to be tried by the jury.

6. In the absence of fraud or mistake, a party will not be heard to say that he was ignorant of the contents of a writing signed by him, containing a contract on his part.

7. So where a party signed an application for insurance which contained a warranty that the property belonged to the applicant in fee, and that there were no liens on it, he will not be allowed to testify that he did not know that such a fact was stated in the application.

8. Where an application for insurance contained a statement which was made a warranty by the terms of the policy, that the house in which the insured property was, belonged to the applicant in fee, and that there were no liens on the property insured; *It was held*, that the warranty was broken when it appeared that the house was built on land leased by the applicant, and was to become the property of the lessor at the end of the lease, and that the title to the property insured was vested in another person as a security for the purchase money.

9. Where several distinct kinds of property are insured in the same policy, and there is a false statement in the application as to some of it, it avoids the policy as to all, as the policy is one entire and indivisable contract.

(*Cedar Falls Co.* v. *Wallace*, 83 N. C., 227; *Albright* v. *Mitchell*, 70 N. C., 445; *Bobbitt* v. *The Insurance Co.*, 66 N. C., 70; *Biggs* v. *The Insurance Co.*, 88 N. C., 141; cited and approved).

CIVIL ACTION, tried before *Avery, Judge,* at Spring Term, 1886, of UNION Superior Court.

There was a judgment for the defendant, and the plaintiff appealed.

The facts appear in the opinion.

*Mr. D. A. Covington*, for the plaintiff.
*Mr. Platt D. Walker*, for the defendant.

DAVIS, J. On the 17th day of November, 1882, the defendant company, for value, insured certain property of the plaintiff against loss by fire, for three months, beginning at 12 o'clock, M., on that day, and issued to him a policy therefor, in the sum of $1,000. On the night of February 16th, 1883, while said policy was in force, a portion of the property embraced therein was destroyed by fire, worth, as plaintiff alleges, the sum of $1,000; which sum, though demanded, the defendant company refuses to pay, and this action is brought for its recovery.

The application and policy of insurance are set out in the pleadings.

The defendant denies the right of the plaintiff to recover, and says that he did not have such an ownership of, or interest, title and estate in the property described in the policy as was represented by the plaintiff in his application.

For a further defence, the defendant says, that the plaintiff in his application, which was a part of the contract, represented that he was the sole and absolute owner in fee, of the property insured, and that there were no liens, incumbrances, or claims whatever against it, and that in response to questions propounded, the plaintiff failed to disclose fully and truly, his interest in said property, and that he was not the sole and absolute owner thereof.

It is stipulated in the policy, that in the event of loss, suit or action for the recovery of any claim by reason thereof, shall be commenced within one year, and the defendant

says this action was not commenced within one year, as required by the said provision.

The property is described in the policy, with its value and the amount insured, respectively, as follows: Gin-house, value $250, insured for $108; two gins and one feeder, $350, $153; seed-cotton in gin-house $150, $63; loose lint cotton $50, $19; cotton seed $75, $31; steam engine and boiler, located about twelve feet from gin-house, $1,000, $231; belting and shafting $175, $75; grist mill and fixtures $200, $80; saw-mill and fixtures $350, $153; cotton-press in gin-house $190, $81.

The plaintiff tendered the followiwg issues at the close of the evidence:

1. Did the plaintiff at the time of his application for insurance, and at the time his policy was issued thereon, have such an interest in the property insured or any part therof, as was the subject of insurance; if so, what part?

2. Did the plaintiff at the time of his application make any false representation as to his ownership of said property or any part thereof; if so, what part?

3. Did the plaintiff at the time of his application make any false representation as to any lien, incumbrance or claim on said property or any part thereof; if so, what part?

4. Did the plaintiff comply with the conditions and stipulations of the contract of insurance on his part?

5. How long after the plaintiff's cause of action accrued before this suit was brought?

6. Is the defendant indebted to the plaintiff in any sum under the said policy of insurane; if so, how much?

His Honor refused to submit these issues, and in lieu thereof submitted, among others, the following:

I. Was the plaintiff, at the time when his application for insurance was made, the sole and undisputed owner of the engine and boiler, the belting and shafting, and the saw-

mill and smoke-stack, holding them free of any claim or incumbrance, as represented in the application?

III. Was the plaintiff at said time, the undisputed owner of the gin-house mentioned in said application and policy?

VI. Did the plaintiff commence this action within the time limited for the commencement thereof, by the contract of insurance?

The plaintiff excepted to the refusal to submit the issues tendered by him, and to the 1st, 3d and 6th issues submitted by the Court, and this is the first error assigned.

The issues are made by the allegations of the complaint and denials of the answer, and should be only such as are necessary to determine the controversy between the parties. Often questions of fact are alleged and denied, which, whether found one way or the other, do not in themselves, decide the *issue* or *issues* involved, and it is not necessary, but often improper, to submit such questions of fact to the jury.

In *Cedar Falls Co.* v. *Wallace*, 83 N. C., 227, DILLARD, J., approving *Albright* v. *Mitchell*, 70 N. C., 445, says: "It is not every matter alleged on one side and denied on the other, that in a legal sense is an issue, but only such as are necessary to dispose of the controversy; and to such necessary matters, the issues submitted ought to be confined as far as possible, in order to avoid embarrassment and confusion to the jury from a multiplicity of issues."

The form in which issues are submitted is of little consequence, if the matters in controversy are clearly and fairly presented by them to the jury, but all immaterial and unnecessary issues should be avoided. In this case, eleven issues were submitted, some of them relating to the ownership of different portions of the property mentioned in the application for insurance, and to the value of separate parts of it, and which do not, however found, decide the controversy, but no exception was taken to them, and unnecessary

issues are not assignable for error, if not prejudicial, even if excepted to, and we only allude to it here, to suggest that in framing issues for the jury, only those presented by the pleadings which are decisive of the matters in controversy should be submitted, and under proper instructions from the Court, these may often be greatly narrowed.

In this case, the isues submitted by the Court in lieu of those tendered by the plaintiff, though several of them may be unnecessary, present fully the matters in controversy. The 1st, 3d and 6th, only are objected to, and these relate to material facts alleged and denied, and the exception cannot be sustained. We can see no error in rejecting the issues proposed and the substitution of those submitted.

Among the questions propounded in the application for insurance and the answers thereto, were the following:

1. "Are you the sole and undisputed owner, absolutely and in fee simple, of the said property as severally mentioned, and of the land on which it stands?

2. "If not, state fully what your interest is? Answer—"All but the land."

3. "Is there any lien or incumbrance in, or any claim whatever against the said property? Answer—No."

At the foot of the application and next preceding plaintiff's signature thereto, is the following:

"I affirm and warrant that the foregoing answers are true, and that they shall constitute the basis of the policy that may be issued to me on this application." Signed by J. R. Cuthbertson.

The plaintiff proposed to prove, that the questions referred to were in fact not asked, and that he signed the application without knowing that it contained them. This was objected to, and the objection sustained, and this is excepted to. It is conceded that the plaintiff could read and write, and that he signed the application with his full name. That the application forms a part of the contract, is clearly estab-

lished by authority. *Bobbitt* v. *Ins. Co.*, 66 N. C., 70, and the authorities there cited.

The applicant warrants the answers to be true, and the warranty enters into and forms a part of the contract. May on Insurance, §183.

The same author says, §185 : " The inquiry and answers are tantamount to an agreement that the matter inquired about is material, and its materiality is not therefore open to be tried by the jury "; and for this he cites many authorities. There was no error in excluding the proposed evidence. In the absence of fraud or mistake, a party will not be heard to say that he was ignorant of the contents of a contract signed by him.

There was evidence in regard to the third issue, and it was discussed at length before us, but the view which we take of it, it was immaterial whether the action was brought in proper time or not, as the plaintiff is not entitled to recover on the finding of the other issues, and we consider the only remaining alleged error, which was in regard to the instructions of his Honor to the jury upon the first issue.

The only evidence upon this issue was that of the plaintiff, who testified : " That the gin-house was built by him on the land of McLeod, he having leased it for three years, and that it was agreed between him and McLeod that plaintiff might build the house and use it during his term, and that at the end of the three years or of the term, or if extended at the end of the extended time, the house should remain on the land and belong to McLeod ; that at the time of the fire, one half of the time had expired, and there was no agreement made for an extension; that he bought the engine, boiler, smokestack, saw-mill, belting and shafting from the Taylor Manufacturing Company under a written contract of sale, by which the title to said property was to remain in said company until the purchase money was fully paid; that only part of it had been paid at the time of the application and

at the time of the fire." The Court instructed the jury, that if they believed this evidence they must respond, "No," to the first issue.

The alleged error in this charge is not pointed out, and we can discover none.

The jury responded "No," to the first issue, and in response to the other issues, they found that the plaintiff was not the owner of the gin-house, and that he was the owner of the two gins and feeder, and of the seed and lint cotton, cotton seed, belting, shafting and cotton-press; that the value of the house was $250; the gin, $100; the cotton, belting and shafting, $370.50; the engine, boiler, &c., $1,000.

Upon this verdict there was a judgment for the defendant.

It was insisted in this Court, that the contract was not entire, but divisable, and that the plaintiff was entitled to so much of the insurance as covered the property which was owned by him, notwithstanding the finding of the jury upon the first issue. The question is considered, and the decisions bearing upon it are reviewed, in May on Insurance, §§277, 278, and the conclusion to be drawn from them is, that a misrepresentation or breach, when the contract is entire, affects all the property insured, though it may be of different kinds and separately appraised in the policy; and this view is sustained by the ruling of this Court in *Biggs* v. *Ins. Co.*, 88 N. C., 141.

The jury find that the plaintiff was not the owner of a portion of the property, of which, in his application, he represented himself to be the owner, and this misrepresentation as to his interest avoids the policy; Wood on Insurance, §179; May on Insurance §287; and *Bobbitt* v. *Ins. Co., supra.*

There is no error, and the judgment must be affirmed. Let this be certified.

No error.                              Affirmed.