A. A. PHIFER v. CAROLINA CENTRAL RAILWAY COMPANY.

(Decided March 29, 1898).

*Action for Damages—Contributory Negligence—Evidence—Expert Testimony—Opinion—Evidence.*

1. In the trial of an action for damages for injuries caused by the alleged negligence of the defendant and in which contributory negligence was relied upon as a defence, it was error to permit the plaintiff to testify that he was "careful" at the time of the accident; that being a mere opinion of the witness on a matter which was a question for the jury to determine from the manner in which the plaintiff conducted himself at the time of the injury.

2. The fact that incompetent testimony has been drawn from a witness on cross-examination, without objection, does not make the same testimony competent on re-examination of the witness.

CIVIL ACTION tried before *Coble, J.*, and a jury at Spring Term, 1897, of ANSON Superior Court. The plaintiff was injured while working on a trestle for the defendant company. On the trial the plaintiff was asked whether he was "careful" while at work on the trestle and under objection was allowed to answer that he was. The jury rendered a verdict for the plaintiff assessing his damages at $5,000 and from the judgment thereon the defendant appealed.

*Messrs. Shepherd & Busbee* and *Covington & Redwine* for plaintiff.

*Messrs. John D. Shaw* and *MacRae & Day* for defendant (appellant).

MONTGOMERY, J.: This action was for damages on account of injuries which the plaintiff alleged that he had sustained by the negligence of the defendant while he was at work in building a trestle on its track. On

his re-examination, as a witness for himself, the plaintiff was asked "*Were you careful?*"   Over the objection of the defendant the witness was allowed to answer the question, and he said that he *was careful.*   Whether or not the testimony was competent raises a most important question of evidence and we have given to it the consideration it deserves.

It seems to us that whether the plaintiff was careful was the very question which the jury were empanelled to determine, the defendant having pleaded contributory negligence and introduced testimony tending to prove it.   The answer to the question was one of opinion merely, and whether the plaintiff was careful while engaged in his work upon the trestle was not a matter of expert testimony, but of judgment and common experience to be passed upon by the jury upon a detailed statement to them of the facts and circumstances connected with his conduct on that occasion.   It was not shown that the witness had any special knowledge concerning what would be careful conduct in connection with the work in which he was engaged, and expert testimony cannot be allowed about matters which do not require some special training to enable one to understand them. The jury was just as competent to form a correct conclusion in regard to the plaintiff's conduct on the occasion of his injury upon a relation to them of the facts and circumstances connected with it, as was the plaintiff himself, and therefore the testimony could not be that of an expert.   The opinion of a witness ought not to be given in evidence upon an occurrence when from its nature the whole can be described in such language as will enable persons who were not present and witnessing it to come to a proper conclusion concerning it.

We have no direct authority in our own reports on the question raised here, but we have found decisions from the courts of other States on the subject which are in line with the views we have here expressed. In *McCarraghen* v. *Rogers*, 120 N. Y., page 526, a witness on the trial was asked whether or not the plaintiff, when he was injured, was acting in a careful or careless manner, while sitting at the press. The evidence was excluded, and on appeal the Court of Appeals affirmed the ruling of the trial Judge, saying in the opinion: "Whether the plaintiff was careless, depended upon the manner he conducted himself and, when that appeared, the conclusion whether the accident or injury was to any extent attributable to his want of care was for the jury and that was a question upon the determination of which the result of the action was dependent. It was not one for expert evidence resting in opinions of witnesses. The fact of care or carelessness of the plaintiff was not one involving any question of skill or science to determine, nor was it founded upon any knowledge peculiar to any class of persons. His conduct as bearing upon the question of care or want of care was susceptible of such description as to convey information of it to common understanding and to enable the jury intelligently to determine it and the relation it had to the accident. In such case the evidence of witnesses must be confined to a statement of facts and their opinions or conclusions derived from them are not competent."

In *Mayfield* v. *Railroad Co.*, 87 Ga., page 374, the plaintiff on the trial testified that at the time he was injured he got upon the pilot of the engine very cautiously. The defendant's counsel moved to strike out the witness' answer. The motion was allowed

and on appeal the Supreme Court said: "There was no error in ruling out plaintiff's answer that he got on the pilot very cautiously. A witness may state facts but not his own conclusion from those facts. This was a conclusion of the witness and was the very question which the jury was to decide, whether he got on the pilot cautiously or carelessly. It was the same as if he had said that he was not negligent in getting upon the pilot. He might have stated whether he attempted to mount hurriedly or slowly, how far he was from the engine when he raised his foot to make the attempt, where he placed his foot, and things of that sort, leaving the jury to say from these facts whether it was done cautiously or carelessly."

The plaintiff's counsel in their brief insist, however, that the testimony was not objectionable in that the defendant had drawn precisely the same evidence from the same witness (on cross-examination) and this was a mere repetition. That is, that because incompetent testimony may have gotten in to the trial by one side without objection, therefore the other side can introduce incompetent testimony when it is objected to. Such practice is not now permissible. *Edwards* v. *Phifer*, 121 N. C., 388. There was error in the admission of the testimony for which there must be a new trial.

New trial.