RAYNOR v. WILMINGTON SEACOAST RAILROAD COMPANY.

(Filed November 5, 1901.)

1. CARRIERS —*Ejection of Passenger —Pleadings —Answer —The
     Code, Sec. 1962—Evidence—Admissibility.*

     In an action for wrongful ejection from a train, evidence of
        drunkenness of plaintiff is not admissible, where the answer
        simply denies the wrongful ejection alleged in the com-
        plaint.

2. EVIDENCE—*Incompetency—Carriers.*

     Evidence that a passenger was drunk at 3:45 in the afternoon is
        inadmissible to corroborate evidence that he was drunk at
        11 o'clock in the forenoon.

3. PLEADINGS—*Complaint—Answer—Allegations.*

     A defense which can not be maintained by a denial of the allega-
        tions in the complaint must be set up as new matter in the
        answer.

4. EVIDENCE—*Opinion Evidence—Competency.*

     In an action for the wrongful ejection of a passenger, the opin-
        ion of a witness that no unnecessary force was used in eject-
        ing the passenger is incompetent.

ACTION by J. R. Raynor against the Wilmington Seacoast
Railroad Company, heard by Judge *Frederick Moore* and a
jury, at April Term, 1901, of the Superior Court of CUM-
BERLAND County. From a judgment for the plaintiff, the
defendant appealed.

*N. A. Sinclair,* for the plaintiff.
*Geo. M. Rose,* for the defendant.

COOK, J.   This action was brought against defendant com-
pany to recover damages on account of an alleged violent, un-
lawful and forcible ejection from defendant's train while

plaintiff was a passenger thereon from Wilmington to Wrightsville. The only material issue raised by the pleadings (except as to the amount of damages) is by the denial in the answer of allegation 5 of the complaint, which is as follows: "5th. That the conductor of said defendant's train some little time after the train had started, came and demanded of plaintiff a ticket, and plaintiff told him that he had no ticket, and plaintiff reached down in his pocket to get the money, and asked said conductor what the fare was, to which the reply was that the fare was 35 cents. The plaintiff remarked that he thought it was 25 cents, but at the time intended to and was getting the money out to pay the conductor, when the conductor rudely, roughly, without cause and without giving plaintiff an opportunity to pay the 35 cents, with the aid of three other persons, he and they laying violent hands on the plaintiff, unceremoniously, maliciously and forcibly ejected plaintiff from the train at a point between stations, and plaintiff had to remain where he was so rudely and forcibly put off about three hours and a half." Upon which the following issue was framed and submitted to the jury: "Was plaintiff wrongfully ejected from defendant's car ?" The jury rendered a verdict in favor of plaintiff, and defendant appealed upon exceptions taken to the exclusion of evidence.

There are only two exceptions taken, both of which are without merit. As to the first: The ejection occurred about 11 o'clock in the forenoon, at which time the plaintiff testified that he was sober ; had only taken two drinks—one before he left Fayetteville and one at the second station after leaving —and took no other drink that day. The conductor of defendant company's train testified that when plaintiff was ejected (11 o'clock a.m.) he was so drunk that he staggered and fell as he started back to the train. To corroborate the conductor, Hinton, defendant proposed to show the condition of plaintiff

at 3:45 o'clock that afternoon, which was excluded upon objection. The second exception was to the exclusion of the question propounded to the conductor, Hinton, "Whether any more force was used by the officials of the road than was necessary to eject the plaintiff from the train." In what way the condition of plaintiff when ejected, can be material to the issue we are unable to see. There is no suggestion in the pleadings that plaintiff was drunk or boisterous, or in any way conducted himself in an unseemly manner. Nor does the defendant, in its answer, undertake to justify or excuse the act of ejection under the rights conferred upon it by section 1962 of The Code, which was cited by the learned counsel for defendant, by showing its rules and the violation thereof by plaintiff, which section is as follows: "If any passenger shall refuse to pay his fare, or violate the rules of the corporation, it shall be lawful for the conductor of the train and the servants of the corporation to put him and his baggage out of the cars, using no unnecessary force, at any usual stopping place or near any dwelling-house, as the conductor shall elect, on stopping the train."

The answer simply denies the ejection as stated in the complaint. Plaintiff alleges that he was willing and prepared to pay the proper fare, and was put off the train without being allowed a chance to pay the fare charged by the conductor; but as there is no exception taken to any matter relating to the payment of fare, that matter is not involved in this appeal.

For either of the two causes stated in that section of The Code, defendant would have had the right to eject him, if defendant had relied upon its provisions and could have established the cause. But defendant did not avail itself of the benefit of that section by a special plea, but relied upon the general issue. From the nature of the exception taken in trying to establish the fact that plaintiff was drunk, it is in-

ferable that the corporation had some rule or rules as to drunkenness upon the train, which defendant claimed plaintiff had violated. But the violation of no such rule is pleaded in justification or excuse of the act, as should have been done if relied upon as a defense. Under the old system of pleading, upon the general issue, matter in justification could not be proved; it must be pleaded specially. *Barker v. Barham*, 3 Wilson's Rep., 368, on page 370 and 371; *Bush v. Parker*, 1 Bing. N. C., 312; *Brown v. Burnett*, 5 Co. en, 181; 1 Chitty on Pl., 501. Under our Code practice the principle is not changed. A defense which can not be maintained by a denial of the allegations in the complaint, must be set up as new matter in the answer. Clark's Code, secs. 242 and 243, and cases there cited.

But if it had been material whether plaintiff was drunk at the time he was put off, his condition nearly four hours thereafter would not have been a circumstance to corroborate the testimony of the conductor as to what it was when ejected. If intoxication once produced were a continuing condition, then there would be force in the contention. But it is not. A man may be drunk at 11 o'clock in the forenoon and sober up by 3:45 in the afternoon, or *vice versa,* he may be sober in the forenoon and by 3:45 in the afternoon be drunk. Neither drunkenness nor soberness is a necessarily continuing state. Both conditions are liable to rapid and frequent fluctuations. Therefore, plaintiff's condition four hours after last seeing him could neither be evidence nor corroborating evidence as to his real condition when seen.

While the other or second exception seems to be addressed to the defense which might have been made under the section of The Code above quoted, yet the force actually used was material to the issue as to the quantum of damages, and we will so consider it. But the question asked—"Whether any more force was used by the officials of the road than was nec-

essary"—was the matter of fact to be determined by the jury, and could not be established by his opinion. To have answered it, the witness would have had to find the facts constituting the force actually used, and draw his conclusion from them.

In *Phifer v. Railroad,* 122 N. C., 940, it was held that the witness (plaintiff) could not be allowed to testify that he was "careful" at the time of the accident, "whether the plaintiff was careful was the very question which the jury were empanelled to determine. * * * The opinion of a witness ought not to be given in evidence upon an occurrence when from its nature the whole can be described in such language as will enable persons who were not present to come to a proper conclusion concerning it." So in this case, it was for the jury to determine whether the force used was excessive, and not for the witness.

There is

No Error.