O. W. KERNER v. SOUTHERN RAILWAY COMPANY.

(Filed 17 November, 1915.)

**1. Trials—Issues—Forms—Appeal and Error.**
    The form of issues submitted by the court to the jury is immaterial, and the refusal of the court to submit issues tendered and which are proper ones will not be held as error when the issues submitted relate to the evidence introduced at the trial and were sufficient for the determination of every phase of the controversy.

**2. Negligence—Evidence—Railroads—Defective Locomotives—Other Locomotives.**

Evidence introduced on the trial of the action should only be admitted when it has a reasonable tendency to throw light on the matters in dispute; and where the plaintiff sues to recover damages of a defendant railroad company alleged to have been caused by a spark from a defective locomotive, and the evidence is conflicting as to whether a spark from this particular engine could have been thrown the necessary distance at the time of the conflagration or under the conditions then existing, evidence tending only to show that another of the defendant's locomotives, at a subsequent time, had thrown sparks the necessary distance while passing the place is incompetent.

**3. Evidence—Matters for Jury—Opinion of Witness.**

Where the plaintiff seeks to recover damages for the alleged negligence of the defendant railroad company in destroying his manufacturing plant by fire kindled by a spark from its passing train, and the evidence is conflicting as to whether the defendant's locomotive or the plaintiff's engine running the plant set out the fire, testimony by the plaintiff's witness that the fire could not have been caused by the plaintiff's engine is incompetent, being an expression of opinion upon a question for the jury to determine.

APPEAL by plaintiff from *Devin, J.,* at the May Term, 1914, of FOR-SYTH.

Civil action tried upon certain issues, of which the following was the first:

1. Was the property of the plaintiffs described in the complaint set on fire and burned by sparks of the defendant's engine, as alleged in the complaint? Answer: No.

From the judgment dismissing the action, the plaintiff appealed.

*Lindsay Patterson, Watson, Buxton & Watson, Manning & Kitchin for plaintiff.*
*Hastings & Whicker for defendant Snyder.*
*Manly, Hendren & Womble for defendant Southern Railway.*

BROWN, J. The action is brought to recover damages for the destruction of the plaintiff's factory in the town of Kernersville 15 April, 1912. The plaintiff offered evidence tending to prove that a freight train of the defendant, with an engine in charge of John Snyder, was defective as to its spark arrester and was so unskillfully operated that it emitted large quantities of live sparks which set fire to inflammable material in the plaintiff's factory and destroyed it. The defendant introduced evidence to the contrary. The jury found the first issue in favor of the defendant.

There are eighteen assignments of error, which we have carefully considered and find them to be without merit, and think that it is unnecessary to comment upon all of them. The plaintiff tendered certain issues which the court refused to submit. These issues are practically the same as those submitted, and we see no error in rejecting them.

Every allegation that the plaintiff set up in his complaint could be presented to the jury by supporting evidence under the issues submitted by the court, and where that is the case the form of the issues is immaterial. *Albright v. Mitchell,* 70 N. C., 445; *Kirk v. Railway,* 97 N. C., 82.

The plaintiffs offered to prove by one Horah that two weeks after the fire, after dark, he and one of the plaintiffs were at the ruins of the burned factory and that a train was coming from Greensboro, and that as the engine passed it threw live sparks from its smokestack which fell where the burned building formerly stood. This was excluded by his Honor. There was no offer to prove that it was the same engine as was operated by John Snyder and which it is claimed set the factory afire. This latter engine has been identified in the evidence as No. 123, attached to a freight train and in charge of the defendant Snyder as engineer. It is conceded that if the fire started from a spark from any of the defendant's engines, it was engine No. 123.

We think this evidence clearly incompetent. It is a universal rule that the evidence adduced should be directed and confined to matters which are the subject of dispute, or which have a reasonable tendency to throw light on the matters in dispute. To prove that the engine referred to, not 123, threw sparks two weeks afterwards on the site of the burned factory is no evidence that 123 threw sparks on the factory and set it afire on 15 April, 1912.

It is conceded that where a fatal fire has been set out from a designated or known engine, it is admissible to introduce evidence of other fires previously set out by the same engine for the purpose of showing its defective condition, but the rule has never been extended so as to permit evidence of sparks emitted by some other engine at some other time and place. *R. R. v. Smith,* 55 So., 871.

This Court, in *Ice Co. v. R. R.,* 126 N. C., 797, quoting from *Henderson v. R. R.,* 144 Pa. St., 461, said: "When the fire is shown to have been caused, or in the nature of the case could only have been caused by an engine, which is known and identified, the evidence should be confined to the condition, management and practical operation of that engine. Testimony tending to prove defects in other engines of the company is irrelevant and inadmissible." See, also, *Cheek v. Lumber Co.,* 134 N. C., 225; *Johnson v. R. R.,* 140 N. C., 581.

A very intelligent discussion of this question is found in *Cotton Co. v. R. R.,* 114 Fed., 133, 52 C. C. A., 95, where it was determined: That where the engine which alone could have set the fire is identified, testimony that other engines of the defendant set fires or threw sparks at other times is incompetent, in the absence of proof of similar conditions of the two engines, as well as similarity of conditions and manner of operation.

The rule seems to be settled by the weight of authority that, when the fire has been kindled by sparks from a particular locomotive, which is identified, evidence of other fires kindled by different locomotives before and after the fire complained of is not admissible. *Bank v. R. R.,* 174 Ill., 36; 33 Cyc., 1376; 12 A. and E. Anno. Cases, 210.

The plaintiff excepted because his Honor declined to let witness Ballard state as a fact that the fire could not possibly have started from a spark emitted from the smokestack and boiler of the plaintiff. This was one of the contentions of the defendant in enumerating the possible causes of the fire. It was the very question that the jury was empaneled to pass upon. One of the chief controversies on the trial was whether the fire was caused by sparks from the Snyder engine or from the plaintiff's own smokestack. Ballard's opinion on that subject was worth no more than any one else's. This Court has expressly held that such evidence is incompetent. *Gray v. R. R.,* 167 N. C., 433; *Deppe v. R. R.,* 154 N. C., 523.

These are the only two assignments of error commented upon in the brief; but we have examined the entire record, and find that there is

No error.

HOKE, J., concurs in result.