## UNITED STATES v. SAULS.
### No. 3468.

Circuit Court of Appeals, Fourth Circuit.
June 24, 1933.

W. H. Fisher, U. S. Atty., of Clinton, N. C. (J. D. DeRamus, Chief Atty., Veterans' Administration, and T. P. Regan, Atty., Veterans' Administration, both of Charlotte, N. C., on the brief), for the United States.

J. Melville Broughton, of Raleigh, N. C. (Thos. A. Banks, of Raleigh, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

■ This is an appeal in a war risk insurance case. The government contends that verdict should have been directed in its favor, but we think that the evidence as to total and permanent disability existing at the time that the policy is claimed to have lapsed was sufficient to take the case to the jury. There was no work record. There was evidence that from the time of his discharge from the army plaintiff was unable to work as a result of a combination of diseases from which he was suffering, that he was unable because of his physical condition to carry on the vocational training which the government attempted to give him, and that he was repeatedly in government hospitals receiving treatment. In addition to this, it appeared that plaintiff had suffered shell shock and was in an extremely nervous condition as a result thereof, and that physicians of the government had certified that in their opinion his disability was permanent. Without analyzing the evidence in detail, we think that it was sufficient to take the case to the jury. Garrison v. U. S. (C. C. A. 4th) 62 F.(2d) 41; Hicks v. U. S. (C. C. A. 4th) 65 F.(2d) 517.

■ A new trial is asked on the further ground that the court, over the objection of the government, allowed certain witnesses to give their opinions as to the inability of plaintiff to engage continuously in a gainful occupation. The exception to the following question asked the witness Iseley and his answer thereto present the point. The witness was asked the question: "I ask you Mr. Iseley, from your observation of him, whether or not, in your opinion, since you first knew him, in 1923, up to now, he has been able to engage continuously in any gainful occupation?" And he answered: "No, sir, his physical condition was such he could not."

We think that this question and answer were clearly objectionable, in that they invaded the province of the jury, and that this objection is valid irrespective of whether the witness be a lay witness or an expert. The ultimate question on the totality of disability was whether plaintiff was able to follow continuously a substantially gainful occupation. What is meant by continuously in the regulations construing a war risk policy is a question of law. See Carter v. U. S. (C. C. A. 4th) 49 F.(2d) 221. The same is true as to what is to be deemed a gainful occupation under these regulations. The question permitted the witness to settle these questions of law for himself, and, applying this law to the facts within his knowledge, to try the very question which the jury had been impaneled to try. This should not be permitted. Spokane & I. E. R. Co. v. United States, 241 U. S. 344, 36 S. Ct. 668, 60 L. Ed. 1037; National Cash Register Co. v. Leland (C. C. A. 1) 94 F. 502; Safety Car Heating & Lighting Co. v. Gould Coupler Co. (C. C. A. 2) 239 F. 861, 865; Castner Electrolytic Alkali Co. v. Davies (C. C. A. 2) 154 F. 938, 942; Standard Fire Extinguisher Company v. Heltman (C. C. A. 6) 194 F. 400, 401; Smith v. Board of Commissioners of Lexington, 176 N. C. 466, 97 S. E. 378; Kerner v. Southern Ry. Co., 170 N. C. 94, 97, 86 S. E. 998; Deppe v. Atlantic Coast Line R. Co., 154 N. C. 523, 524, 70 S. E. 622; Phifer v. Carolina Cent. R. Co., 122 N. C. 940, 29 S. E. 578; Marks v. Harriet Cotton Mills, 135 N. C. 287, 47 S. E. 432; 22 Corpus Juris, 502, and cases there cited.

■ But the government did not preserve its rights on objection to these questions by stating the grounds of the objection. This is required by the practice in the federal courts so that the court may make its ruling understandingly and the party offering the evidence may, if he can, so reframe the question as to obviate the ground of objection. 3 C. J. 746; Camden v. Doremus, 3 How. 515, 11 L. Ed. 705; Burton v. Driggs, 20 Wall. 125, 133, 22 L. Ed. 299; R. D. Cole Manufacturing Co. v. Mendenhall (C. C. A. 4th) 240 F. 641 ; Continental Insurance Co. v. Fortner (C. C. A. 6) 25 F.(2d) 398. In addition to this, we do not think that, under the peculiar facts and circumstances of the case at bar, the admission of this testimony could have affected the result. See Gray v. Southern Ry. Co., 167 N. C. 433, 435, 83 S. E. 849.

The judgment appealed from will be affirmed.

Affirmed.