488

## UNITED STATES v. STEMPLEWSKI.
### No. 5313.

Circuit Court of Appeals, Third Circuit.

Oct. 5, 1934.

Horatio S. Dumbauld, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., and Young M. Smith and Will G. Beardslee, both of Washington, D. C.

Guy B. Hoge and Jacob Shulgold, both of Pittsburgh, Pa., for appellee.

Before DAVIS, Circuit Judge, and DICKINSON and KIRKPATRICK, District Judges.

KIRKPATRICK, District Judge.

■ This case involves nothing more than an application of principles of law, now well settled, to the facts before the court. The guiding authority is Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492. Under the facts of that case it was held that

evidence was insufficient to submit to the jury upon the question of total permanent disability. Applying the same principles to the facts now before the court, we are satisfied that the evidence fully justified submission to the jury.

It is unquestioned that the essential issue is the physical condition of the insured at the time of the alleged lapse of the policy for nonpayment of premiums. It may be noted that in the Lumbra Case, the official record at the time of discharge from the army, a month before the lapse, showed the insured to be mentally and physically sound, and that he declared that he had no reason to believe that he was impaired in health. In striking contrast, in the instant case, the report of the medical board of review at the time of insured's discharge, about two weeks before the date of the lapse, shows: "Gas, phosgene, inhalation. Decreased expansion of left lung, harsh inspiration over upper lobes and distant breath sounds over left base anterior with subcrepitant rales persisting. * * * Has been in convalescent since Feb. 4, 1919 and cannot be benefited by further treatment. The injury is likely to result in disability." In addition, the plaintiff's testimony shows a degree of disability since that time which, if believed (as it was), rendered it impossible for him to follow continuously any substantial gainful occupation, within the meaning of the Lumbra Case. It is to be remembered that the testimony of the physician, though remote in point of time, was supported by plaintiff's own testimony, the army and hospital records, and the fact of nearly four years spent in hospitals by him since his discharge.

■ Error was assigned to the ruling of the trial judge permitting a physician called by the plaintiff to testify in answer to a hypothetical question that the plaintiff was totally and permanently disabled on March 27, 1919, and the opinion of the Circuit Court of Appeals for the Fourth Circuit in United States v. Sauls, 65 F.(2d) 886, 887, was cited. Without passing upon the question involved in this assignment, we say as the court in that case said, " * * * We do not think that, under the peculiar facts and circumstances of the case at bar, the admission of this testimony could have affected the result."

The judgment of the District Court is affirmed.