W. F. NUFER, FIDELITY PHŒNIX FIRE INSURANCE COMPANY, AND SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 20 March, 1935.)

**1. Evidence D h——**

　　In an action to recover damages caused by a fire alleged to have been set out by defendant's railroad engine, evidence that one of defendant's engines had theretofore set out fires is incompetent in the absence of evidence that this particular engine set out the fire in suit.

**2. Same—Plaintiff must establish that fire originated from engine before attempting to identify the engine by elimination.**

　　Where plaintiff's allegation that the fire in suit was caused by defendant's railroad engine is denied, and the fact that the fire originated from a railroad engine is not established, plaintiff's contention that evidence that one of defendant's engines had theretofore set out fires was competent in that the engine was identified by showing that the other two engines at the scene at the time were not responsible therefor, cannot be sustained.

APPEAL from *Barnhill, J.,* at October Term, 1934, of WAYNE. No error.

The individual plaintiff alleges that the burning of his planing mill and connected buildings was caused by the negligent operation of a locomotive engine of the defendant railroad company whereby he was damaged in the sum of $16,000; and the plaintiff insurance companies allege payment, under policies issued upon said mill and buildings, of the sum of $500.00 each, and their respective rights of subrogation to that amount.

The defendant railroad company denies the allegation of negligence, and, for want of information, the payment by the insurance companies; and for further defense set up certain contracts running with the land existing between the defendant and those through whom the individual plaintiff claims title.

Appropriate issues were submitted, as follows:

"1. Was the property of the plaintiff damaged by the negligence of the defendant, as alleged in the complaint?

"2. What damages, if any, has plaintiff sustained?

"3. Did the Virginia Box and Lumber Company execute the contract dated 13 June, 1916, with the Atlantic Coast Line Railroad Company, as alleged in the answer?

"4. If so, on 27 November, 1931, did the plaintiff W. F. Nufer have actual notice of the covenants in said agreement of 13 June, 1916, as alleged in the answer?"

The jury answered the first issue in the negative and left the remaining issues unanswered.

From a judgment for the defendant, the plaintiffs appealed to the Supreme Court, assigning errors.

*Langston, Allen & Taylor for appellants.*

*Thos. W. Davis, V. E. Phelps, Dickinson & Bland, and W. B. R. Guion for appellee.*

SCHENCK, J.  The answering of the first issue in favor of the defendant and the leaving of the subsequent issues unanswered obviate the necessity of our passing upon any assignments of error except those relating to the first issue.

The appellants seem to rely upon their assignments of error which assail the ruling of his Honor in excluding evidence as to prior fires set out by the defendant's shifting engine, or yard engine.  A perusal of the pleadings and of the evidence (we have not the benefit of the charge in the record) leaves us with the impression that this case was tried upon the theory that the defendant's engine No. 1666, drawing through freight train No. 217, was the engine that set out the fire.  There is no evidence which tends to show that the shifting engine, No. 182, was in close proximity of the burned buildings when the fire originated, or that tends to establish it as the source of the conflagration.  In other words, there is no evidence to identify the shifting engine No. 182 as the engine that set out the fire.  Therefore, the evidence as to prior fires set out by the shifting engine was properly excluded.

The rule of evidence here applicable has been enunciated by this Court as follows: "It is conceded that where a fatal fire has been set out from a designated or known engine, it is admissible to introduce evidence of other fires previously set out by the same engine for the purpose of showing its defective condition, but the rule has never been extended so as to permit evidence of sparks emitted by some other engine at some other time and place." *Kerner v. R. R.,* 170 N. C., 94.  And again in *Heath v. R. R.,* 197 N. C., 541, where the defendant insisted that the testimony of a certain witness to the effect that an engine of the defendant was throwing sparks the night before the plaintiff's property was

burned was incompetent, it is said: "The position of the defendant upon this point would be sound and effective if the record did not disclose that the same engine was involved."

The position of the appellants that since only three engines were in the vicinity of the burned buildings at the time the fire originated, namely, the engine of through freight train No. 217, the engine of the through passenger train No. 42, and the shifting engine No. 182, and since the evidence excludes the engine of train No. 217 and the engine of train No. 42 as the engine that set out the fire, it necessarily follows that the shifting engine No. 182 set out the fire. This would be true if it be conceded that the fire was set out by an engine, but this fact is denied. Hence, it became necessary for the plaintiffs to establish that the fire originated from an engine of the defendant before they could identify which engine by elimination. The case was one for the twelve, and they, under a charge to which there was no exception, have answered the determinative issue in favor of the defendants. We find

No error.